95 P.3d 642

Joseph NEWMAN, Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

No. 29727.

Court of Appeals of Idaho.

July 21, 2004.

Molly J. Huskey, State Appellate Public Defender; Sara B. Thomas, Chief, Appellate Unit, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kristina Marie Schindele, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

Joseph Craig Newman appeals from the district court's dismissal of his petition for post-conviction relief. Newman argues that the court erred in dismissing his petition without giving adequate notice of the grounds for dismissal and in denying his motion for appointment of counsel to assist him in his post-conviction proceedings.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Newman was convicted of felony injury to a child, Idaho Code § 18–1501(1), in connection with the death of an infant and was sentenced to life imprisonment with a twenty-five-year minimum term. The conviction and sentence were affirmed by this Court in an unpublished opinion. *See State v. Newman,* Docket No. 25681 (Ct.App. April 16, 2002).

Newman subsequently filed a pro se petition for post-conviction relief alleging that he had received ineffective assistance of counsel. Newman's petition alleged that his trial counsel had been ineffective because he failed to (1) file a motion for a new trial after having agreed to do so, (2) move to disqualify the district judge for bias, and (3) hire an independent pathologist. The petition also alleged the existence of newly discovered evidence of certain trial witnesses' bias. With his petition, Newman filed a motion for appointment of counsel to assist him in his post-conviction proceedings. The State responded with an answer and a motion to dismiss. Newman then filed a brief response to the State's motion, asserting that he possessed evidence to support his post-conviction claims, and again requesting appointment of counsel. Thereafter, the district court simultaneously denied Newman's motion for appointment of counsel and granted the State's dismissal motion. Newman now appeals the summary dismissal of his petition and the denial of his request for appointed counsel.

## II.

## ANALYSIS

A post-conviction relief action is a civil proceeding in which the applicant bears the burden to prove the allegations upon which the request for relief is based. *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990); *Pierce v. State,* 109 Idaho 1018, 1019, 712 P.2d 719, 720 (Ct.App.1985). An order for summary disposition of a post-conviction relief application under I.C. § 19–4906(c) is the procedural equivalent of summary judgment under Idaho Rule of Civil Procedure 56. *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994). Therefore, summary dismissal of a post-conviction application is appropriate only if there exists no genuine issue of material fact which, if resolved in the applicant's favor,

would entitle him to the requested relief. *Fairchild v. State,* 128 Idaho 311, 315, 912 P.2d 679, 683 (Ct.App.1996). If a genuine issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State,* 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App. 1991); *Hoover v. State,* 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988).

If a post-conviction applicant is indigent, the trial court may appoint counsel to represent the applicant. I.C. § 19–4904. In *Brown v. State,* 135 Idaho 676, 23 P.3d 138 (2001), the Idaho Supreme Court addressed the standards and procedures for appointment of counsel in post-conviction actions. The Supreme Court there stated that a request for appointed counsel is governed by two statutes, I.C. § 19–4904 and I.C. § 19–852. The Court held that under those statutes, a post-conviction petitioner is entitled to court-appointed counsel unless the petition is frivolous. *Brown,* 135 Idaho at 678, 679, 23 P.3d at 140, 141. The Court further directed that if the trial court deems the application frivolous, and therefore concludes that appointment of counsel should be denied, the petitioner must be given adequate notice of the perceived defects in his petition so that he has an opportunity to respond:

> If the court decides that the claims in the petition are frivolous, the court should provide sufficient information regarding the basis for its ruling to enable the petitioner to supplement the request with the necessary additional facts, if they exist. Although the petitioner is not entitled to have counsel appointed in order to search the record for possible nonfrivolous claims, he should be provided with a meaningful opportunity to supplement the record and to renew his request for court-appointed counsel prior to the dismissal of his petition where ... he has alleged facts supporting some elements of a valid claim.

*Id.* at 679, 23 P.3d at 141. The court cautioned that when applying the frivolousness standard to pro se applications, "[T]he trial court should keep in mind that petitions and affidavits filed by a pro se petitioner will often be conclusory and incomplete. Although facts sufficient to state a claim may not be alleged because they do not exist, they also may not be alleged because the pro se petitioner simply does not know what are the essential elements of a claim." *Id.*

The Court in *Brown* observed that some of Brown's claims were so patently frivolous that they clearly could not be developed into a viable claim even with the assistance of counsel. (For example, Brown alleged that his attorney was inadequate for not objecting to certain evidence presented to the jury when, in fact, there had been no jury trial because Brown had pleaded guilty.) The Court also held, however, that Brown had alleged a claim for violation of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), that was not frivolous on its face. Although the facts alleged in Brown's petition did not assert all of the elements of a *Miranda* violation, the Court held that because Brown's allegations "at least raised the suspicion" of a possible *Miranda* violation, the dismissal of that claim and the denial of counsel without prior notice to Brown of the deficiencies in his allegations was error. Therefore, the Supreme Court vacated the order denying Brown's motion for appointed counsel and the order dismissing his petition and remanded for further proceedings.

Subsequently, in *Quinlan v. Idaho Comm'n for Pardons and Parole,* 138 Idaho 726, 730, 69 P.3d 146, 150 (2003), a habeas corpus action, the Supreme Court stated in dicta that I.C. § 19–852 no longer applies in post-conviction actions and that appointment of counsel in those cases is governed solely by I.C. § 19–4904. The Court based that statement in *Quinlan* upon a legislative amendment to a third statute, I.C. § 19–853, which does not address the circumstances in which counsel should be appointed, but governs procedures by which law enforcement officers or the court must inform the individual of his right to counsel. The Supreme Court's comment in *Quinlan* does not make clear whether the standards and procedures enunciated in *Brown* for consideration of a post-conviction petitioner's request for appointed counsel remains effective following the amendment to § 19–853. Therefore, until instructed otherwise by the Supreme

Court, we will continue to apply the *Brown* directives.

In the present case, the district court granted the State's motion for dismissal and denied Newman's request for appointment of counsel simultaneously in a single order. In so doing, the court did not expressly consider whether Newman's petition was frivolous, as distinguished from merely inadequate to allege all elements or to present prima facie proof of a claim. Although the State's motion identified alleged deficiencies in Newman's petition as to some of his claims, to which Newman had an opportunity to respond, the motion did not state grounds justifying its request for dismissal of some claims. As in the *Brown* case, Newman has alleged at least some claims which possibly could be developed and supported with assistance of counsel to present a viable basis for relief.

It was error for the district court to deny Newman's motion for counsel without first giving notice of perceived deficiencies in the pleading and affording Newman the opportunity "to supplement the request with the necessary additional facts, if they exist." *Brown*, 135 Idaho at 679, 23 P.3d at 141. We therefore vacate the order denying Newman's motion of appointment of counsel and the dismissal order and remand to the district court.

Judge PERRY and Judge GUTIERREZ concur.