IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39207

WOODROW JOHN GRANT,                )
                                    )        **2014 Opinion No. 34**
            Petitioner-Appellant,   )
                                    )        **Filed: April 25, 2014**
v.                                  )
                                    )        **Stephen W. Kenyon, Clerk**
STATE OF IDAHO,                     )
                                    )
            Respondent.             )
                                    )
_____ )

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Woodrow John Grant appeals from the district court's summary dismissal of his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In 2006, Grant pled guilty to aggravated battery.[1] He successfully completed a period of retained jurisdiction and the district court placed Grant on probation. In 2009, the state charged Grant with possession of a controlled substance, domestic battery, aggravated assault, and unlawful possession of a firearm. Grant pled guilty to possession of a controlled substance and domestic battery. Grant also admitted to violating his probation. The district court sentenced Grant to a unified term of ten years, with a minimum period of confinement of five years, for

_____

[1]     The facts articulated in this section are taken from Grant's direct appeal. *State v. Grant*, 154 Idaho 281, 282-83, 297 P.3d 244, 245-46 (2013).

domestic battery and a concurrent unified term of five years, with a minimum period of confinement of two years, for possession of a controlled substance. The district court also revoked Grant's probation and executed his previously suspended sentence for aggravated battery (a unified term of ten years, with a minimum period of confinement of four years). The 2009 sentences were to be served consecutively to the 2006 sentence. Grant appealed and the Idaho Supreme Court affirmed his judgments of conviction and sentences. *State v. Grant*, 154 Idaho 281, 288, 297 P.3d 244, 251 (2013).

In February 2011, Grant filed a petition for post-conviction relief. Grant alleged ineffective assistance of counsel in the underlying cases stemming from multiple incidents. Grant also filed a motion and affidavit in support of the appointment of counsel. The state did not file an answer to Grant's petition. The district court issued a notice of intent to dismiss pursuant to I.C. § 19-4906. The district court also denied Grant's request for the assistance of counsel. Grant filed a motion to amend his petition and a response to the district court's notice of intent to dismiss. The district court denied the motion to amend and dismissed Grant's petition. Grant filed a motion for reconsideration and the district court denied this motion as well. Grant appeals.

## II.

## ANALYSIS

### A.    Due Process Right to Post-Conviction Counsel

Grant argues that there is a federal and state due process right to an attorney in an initial post-conviction proceeding. Grant's argument relies heavily upon the recent United States Supreme Court decision in *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012). The state responds that this issue is unresolved by the United States Supreme Court and that Idaho law does not grant a post-conviction petitioner an absolute right to counsel.

In *Martinez*, the United States Supreme Court addressed a narrow issue:

> [W]hether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding.

*Id.* at ___, 132 S. Ct. at 1313. Answering this narrow question, the Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective

2

assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at ___, 132 S. Ct. at 1320. Thus, *Martinez* only stands for the narrow proposition that a federal court in a habeas corpus case may excuse a procedural default of an ineffective assistance of trial counsel claim when the claim was not properly presented because of ineffective assistance of post-conviction counsel. *Martinez* allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted.

As Grant concedes, the United States Supreme Court has yet to recognize a Fourteenth Amendment right to counsel in initial-review collateral proceedings. Indeed, to the contrary, the United States Supreme Court has explicitly stated that its "cases establish that the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). While language in *Martinez* suggests that an exception to this rule may exist in limited circumstances, no such holding exists from either the United States Supreme Court or the Idaho Supreme Court.[2] That being the case, we decline to interpret the Fourteenth Amendment as requiring the appointment of counsel in an initial post-conviction proceeding. Further, in Idaho, it is settled law that there is no right to counsel in post-conviction cases. *See, e.g., Eby v. State*, 148 Idaho 731, 737, 228 P.3d 998, 1004 (2010). Where controlling precedent exists on an issue of Idaho law, stare decisis dictates we follow it. *Grant*, 154 Idaho at 287, 297 P.3d at 250. Thus, we decline to recognize a due process right to counsel in an initial post-conviction proceeding under the Fourteenth Amendment or Article I, Section 13 of the Idaho Constitution.

## B. Discretionary Appointment of Post-Conviction Counsel

Grant also argues the district court erred in refusing to appoint post-conviction counsel because he met the requirement of demonstrating a potentially valid claim under I.C. § 19-4904. The state argues Grant failed to raise even the possibility of a valid claim.

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court

---

[2] Indeed, the Idaho Supreme Court recently reiterated that there is no statutory or constitutional right to counsel in post-conviction cases. *Murphy v. State*, ___ Idaho, ___, ___ P.3d ___ (2014), *pet. reh'g. pending*. However, *Murphy* is not yet final and we do not rely upon it here.

3

and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id.*; *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *See Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See id.* at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. Stated differently, the trial court should appoint counsel if the petition alleges facts showing the possibility of a valid claim such that a reasonable person with adequate means would be willing to retain counsel to conduct a further investigation into the claim. *Swader v. State*, 143 Idaho 651, 655, 152 P.3d 12, 16 (2007).

Grant's post-conviction claims are all based on the ineffective assistance of counsel. A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of

4

showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

### 1. Right to remain silent during psychological evaluation

In Grant's petition, he alleged that his attorney in the underlying case failed to advise him of his right to refuse to participate in a court-ordered psychological evaluation. Grant also alleged his attorney did not advise him that the information obtained in the psychological evaluation would be used against him at sentencing. In its notice of intent to dismiss, the district court found fault with the petition because Grant did not explain exactly what type of "psych-evaluation" was conducted.[3] Also, because Grant did not request that the district court review the underlying criminal case, the district court determined it was unable to evaluate Grant's claim any further. Last, the district court concluded Grant presented no admissible evidence to show how his participation in any evaluation implicated his counsel.

Grant responded to the district court's notice of intent to dismiss. In his verified response, Grant explained that the district court ordered him to participate in a psychological evaluation. Grant also explained that his attorney provided ineffective assistance under *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006) by failing to inform Grant that he was not required to provide information against himself even though there was a court order in effect. Grant alleged that information garnered during the psychological evaluation was used to his detriment at the sentencing phase. Grant also submitted a request that the district court review the underlying criminal cases.

The district court declined to appoint counsel and summarily dismissed Grant's petition for post-conviction relief. In its order dismissing the petition, the district court held that Grant

---

[3] The petition used the term "psych-evaluation" and did not provide any further description.

presented no admissible evidence to demonstrate his counsel failed to advise him properly regarding his Fifth Amendment right prior to participation in the psychological evaluation.[4] Alternatively, the district court held Grant's guilty plea form disproved this claim.

Grant's claim that his counsel was deficient for failing to advise him of the right to remain silent during the psychological evaluation relies on *Estrada*, 143 Idaho 558, 149 P.3d 833. In that case, Estrada pled guilty to the rape of his wife. At the plea hearing, the district court accepted Estrada's plea and ordered a psychosexual evaluation. Estrada did not want to participate in the evaluation, but decided to do so based on his attorney's statement that "we would not want the judge to consider your lack of cooperation to mean that you are not willing to comply with court orders." *Id.* at 560, 149 P.3d at 835. The evaluation was completed and included a number of unfavorable and derogatory comments about Estrada. In imposing Estrada's sentence, the district court relied on the results of the evaluation. Estrada filed a post-conviction application alleging ineffective assistance of counsel for failing to advise him, after entering a guilty plea, that he retained his Fifth Amendment right against self-incrimination at a court-ordered psychosexual evaluation. The Idaho Supreme Court held that a defendant has a Fifth Amendment right against self-incrimination at a psychosexual evaluation that may support a harsher sentence. *Id.* at 564, 149 P.3d at 839. The Court also held that the decision whether to participate in a psychosexual evaluation involves a critical stage and, therefore, a Sixth Amendment "right to at least the advice of counsel regarding his [or her] participation in the psychosexual evaluation." *Id.* at 563, 149 P.3d at 838. The Court concluded that Estrada's counsel was deficient for failing to advise Estrada of his Fifth Amendment right against self-

---

[4] The district court, throughout its notice of intent to dismiss, which the district court cited as the basis for denial of the appointment of counsel, repeatedly found Grant failed to present any admissible evidence and presented only bare, conclusory allegations. We note that verified pleadings, with respect to facts within a petitioner's personal knowledge, are admissible evidence. *Mata v. State*, 124 Idaho 588, 593, 861 P.2d 1253, 1258 (Ct. App. 1993). These types of allegations by a petitioner differ from allegations that address facts outside the personal knowledge of a petitioner or those based on pure speculation. Furthermore, when requesting appointed counsel, a petitioner does not need to support his or her claims with admissible evidence. Indeed, one of the important functions of counsel may be to assist in finding and presenting admissible evidence. The petitioner need only *allege* facts which raise the possibility of a valid claim. The district court's order demonstrates it failed to make this distinction when addressing Grant's claims. However, the district court ultimately reached the correct result on grounds not affected by the failure to consider that evidence.

incrimination as it applied to the psychosexual evaluation. *Id.* at 564, 149 P.3d at 839. The Court also concluded that Estrada demonstrated prejudice as a result of his counsel's deficiency because he showed that the sentencing judge specifically and repeatedly referred to the psychosexual evaluation, which suggested that it played an important role in the sentencing. *Id.* at 565, 149 P.3d at 840. As such, the Court held that Estrada met his burden of showing ineffective assistance of counsel. *Id.*

In this case, Grant's claim of ineffective assistance is disproved by his guilty plea advisory forms.[5] The district court found that these forms indicate Grant understood his right to remain silent even after pleading guilty. Specifically, Grant indicated he understood he had the right to "refuse to answer or provide any information that might tend to increase the punishment for the crime(s) to which" he was pleading guilty. Grant also indicated he had sufficient time to discuss his case with his attorney. Therefore, even assuming arguendo that Grant's attorney failed to advise him of his right to refuse to participate in the psychological evaluation, Grant failed to establish the possibility of a valid claim, as Grant has failed to allege in what manner he was prejudiced.

The Idaho Supreme Court recently addressed an *Estrada* claim arising in a similar context in *Murray v. State*, ___ Idaho ___, ___, ___ P.3d ___, ___ (2014). There, the Court held, where the record establishes a defendant fully understood his or her *Estrada* rights and voluntarily waived them, the defendant fails to establish prejudice by demonstrating a substantial likelihood of a different result had the attorney's representation not been deficient. *Id.* at ___, ___ P.3d at ___. The situation here is analogous to that in *Murray*. Grant was aware of his right not to participate in the evaluation and has failed to demonstrate how having his attorney additionally advise him of this right would have made any difference. Thus, Grant failed to

---

[5] The guilty plea advisory forms are not part of the record on appeal. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). Rather, missing portions of the record must be presumed to support the action of the trial court. *Retamoza v. State*, 125 Idaho 792, 795, 874 P.2d 603, 606 (Ct. App. 1994). Our representations of what the guilty plea forms indicate are based upon the district court's order dismissing Grant's petition.

7

allege the possibility of a valid claim. Therefore, the district court properly refused to appoint counsel on this claim.

### 2. Review of the presentence investigation report

Grant argues his attorney provided ineffective assistance by not reviewing the presentence investigation report (PSI) with him and by failing to assist him in objecting to erroneous or unreliable information contained therein. A claim of ineffective assistance of counsel necessarily requires a right to counsel. A defendant's right to effective assistance of counsel extends to all critical stages of the prosecution where his or her substantial rights may be affected. *Retamoza v. State*, 125 Idaho 792, 796, 874 P.2d 603, 607 (Ct. App. 1994). However, this Court has previously held that a routine presentence interview is not a critical stage of the adversarial proceedings. *Stuart v. State*, 145 Idaho 467, 471, 180 P.3d 506, 510 (Ct. App. 2008). Grant has failed to allege that his presentence interview was anything other than routine. Therefore, Grant was not entitled to the effective assistance of counsel at this stage of the proceedings. *See id.* In addition, Grant alleged that counsel was ineffective for failing to attend and advise regarding the presentence investigation. What he claimed in response to the district court's notice of intent to dismiss was a different allegation entirely--that his attorney failed to go over the PSI and correct mistakes. Improperly alleging a new claim is not curing a deficiency in the claim actually made. Thus, Grant has failed to allege the possibility of a valid claim with respect to the PSI and the district court properly refused to appoint counsel on this claim.

### 3. Failure to present mitigating evidence

Grant argues his attorney provided ineffective assistance by failing to present certain mitigating evidence at sentencing. Specifically, Grant alleges there were two witnesses that should have testified--one that would have contradicted the victim's version of events and another that would have established the police lost the first witness's statement. Grant also alleges his attorney failed to present several mental health records. However, in addressing an ineffective assistance of counsel claim, tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard*, 126 Idaho at 233, 880 P.2d at 263. The shortcomings alleged by Grant are conclusory and address matters which could be considered sound trial strategy. For instance, attempting to trivialize the injury inflicted on the victim could have easily worked against Grant by demonstrating he was not

taking responsibility and still attempting to minimize his culpability. Further, Grant does not point to any specific information within his mental health records that could have resulted in a more lenient sentence. Moreover, Grant pled guilty. The witness information, he concludes, would have been mitigating related, if at all, to his guilt, not sentencing. His claim regarding the existence of mental health records is conclusory. Thus, Grant has failed to allege the possibility of a valid claim with respect to the failure of his attorney to present mitigating evidence. The district court properly refused to appoint counsel on this claim.

4. **Change of venue or disqualification of judge**

Grant argues his attorney provided ineffective assistance by failing to move for a change of venue and by failing to move for disqualification of the presiding judge. The issue of whether a change of venue should be requested is a matter of trial strategy and tactical choice, not subject to review as a claim of ineffective assistance of counsel in the absence of proof of inadequate preparation or ignorance on counsel's part. *State v. Fee*, 124 Idaho 170, 175, 857 P.2d 649, 654 (Ct. App. 1993). Here, Grant does not assert inadequate preparation or ignorance on the part of his attorney. Rather, Grant alleges the victim's mother "was the secretary of the local police chief" and because of "how close-knit the law enforcement community is," he suffered prejudice. This allegation is conclusory and inconsequential. There is nothing in the record to establish a basis for a change of venue, even if Grant's attorney made such a request. Accordingly, Grant has failed to allege the possibility of a valid claim with respect to his attorney's failure to move for a change of venue.

As to the failure of the attorney to move for disqualification, Grant asserts the district judge previously represented Grant's brother in a criminal case. Grant contends the district judge could have associated Grant's brother's criminal actions with Grant. Finally, Grant alleges prejudice because the district judge went beyond the plea agreement in imposing sentence. However, this broad assertion of prejudice is insufficient to demonstrate bias on the part of the district judge. Grant's allegations here lack the specificity necessary to raise the possibility of a valid claim that his attorney provided ineffective assistance in failing to move for disqualification of the district judge. Therefore, the district court properly refused to appoint counsel on these claims.

### 5. Deficient advice from counsel in pleading guilty

Grant argues he received ineffective assistance of counsel because his attorney induced his guilty plea by assuring Grant that his sentences would run concurrently and that jurisdiction would likely be retained while Grant participated in the rider program. If an attorney provides his or her client with advice which goes beyond the range of competence demanded of attorneys during the plea process, that advice may deprive the plea of the requisite voluntariness. *Nevarez v. State*, 145 Idaho 878, 884, 187 P.3d 1253, 1259 (Ct. App. 2008).

As found by the district court, Grant's guilty plea forms establish he acknowledged the following:

> I understand that my plea agreement is a non-binding agreement. This means that the court is not bound by the agreement or any sentencing recommendations, and may impose any sentence authorized by law, including the maximum sentence stated above. Because the court is not bound by the agreement, if the district court chooses not to follow the agreement, I will not have the right to withdraw my guilty plea.

The plea forms also indicated Grant understood that, by pleading guilty to more than one crime, the sentences could run concurrently or consecutively. Thus, Grant's plea forms disprove his assertion that his plea was involuntary due to false assurances made by his attorney. Therefore, the district court properly refused to appoint counsel on this claim.

### 6. Competency to enter a guilty plea

Grant argues mental health issues rendered him incompetent to enter a guilty plea. A defendant who is competent to enter a guilty plea must have a rational understanding of the proceedings against him or her and must be able to assist in his or her own defense. *Workman v. State*, 144 Idaho 518, 527, 164 P.3d 798, 807 (2007). Grant's guilty plea forms demonstrate this claim is without merit. As found by the district court, in the plea forms Grant unequivocally indicated he was able to make a reasoned and informed decision. Grant also indicated he had not taken any medications, drugs, or consumed any alcohol that would affect his ability to make a reasoned and informed decision. Furthermore, Grant does not cite to anything specific in the record supporting his assertion that he was incompetent at the time he entered his guilty plea. Therefore, Grant has failed to allege facts raising the possibility of a valid claim, and thus, the district court did not err in refusing to appoint counsel on this claim.

C.    **Summary Dismissal**

Grant argues the district court erred by summarily dismissing his petition. Given our conclusion above, that Grant has failed to demonstrate even the possibility of a valid claim, it necessarily follows that Grant failed to meet the more demanding standard required to survive summary dismissal. Therefore, the district court did not err in summarily dismissing Grant's petition.

## III.

## CONCLUSION

There is no due process right to counsel in post-conviction proceedings under either the Fourteenth Amendment or Article I, Section 13 of the Idaho Constitution. Rather, the decision to appoint counsel is committed to the district court's discretion. Here, the district court correctly determined that Grant failed to raise even the possibility of a valid claim. Accordingly, we affirm the judgment dismissing Grant's petition for post-conviction relief. No costs or attorney fees are awarded on appeal.

Judge GRATTON, **CONCURS.**

Judge LANSING, **DISSENTING IN PART**

I concur with the majority opinion with respect to all but two of Grant's post-conviction claims. In my view, counsel should have been appointed for Grant because he presented the possibility of valid claims that his attorney was ineffective because he did not review the presentence investigation report (PSI) with Grant or take steps to correct misinformation in the PSI and did not present available mitigating evidence at sentencing.

As the majority opinion points out in footnote 4, throughout its decision denying appointment of counsel and dismissing Grant's action, the district court misapprehended or misapplied the law in two important respects. First, the district court failed to recognize that verified documents filed by Grant stating alleged facts within his personal knowledge constitute affidavits and therefore are evidence. *See Mata v. State*, 124 Idaho 588, 593, 861 P.3d 1253, 1258 (Ct. App. 1993); *Camp v. Jiminez*, 107 Idaho 878, 881, 693 P.2d 1080, 1083 (Ct. App. 1984). Therefore, the district court's repeated statements that Grant had presented no evidence supporting his allegations were not correct. Second, although the district court recited the proper standard for consideration of a request for appointed counsel by an indigent petitioner in a post-conviction action, the court does not appear to have applied that standard to Grant's claims.

11

Rather than evaluating whether Grant had stated "the possibility of a valid claim," *Charboneau v. State*, 140 Idaho 789, 793, 102 P.3d 1108, 1112 (2004), the district court applied the standard for summary dismissal or, even more inappropriately, imposed the standard of proof by a preponderance of the evidence which would be proper only upon an evidentiary hearing. These errors, I believe, led the district court to erroneously deny counsel to represent Grant on some of his claims.[1]

The first is Grant's allegation that his attorney did not review the PSI with him or take action to correct misstatements in the PSI. This specific claim of ineffective assistance relating to the PSI was not alleged in the pro se petition. Rather, the petition's allegations vis-à-vis the PSI were that "counsel failed to advise, attend, or protect client's interest during the presentence investigation" and that the attorney did not advise Grant that he was not obligated to provide adverse information in the interview. However, following the district court's notice of intent to dismiss the action, Grant filed a *verified* response in which he stated: "Furthermore, Grant was not given the opportunity to go over the PSI with the PD and correct mistakes, assumptions, or unproven allegations. Grant asserts that the PSI is incorrect and that he specifically requested the PD to have the PSI amended to correct the misinformation but was rebuffed." The district court should have considered these allegations before denying appointed counsel. As the Idaho Supreme Court explained in *Charboneau*, before denying counsel, the court must give the petitioner adequate notice of the perceived defects in his allegations or evidence and allow the petitioner "to supplement the request with the necessary additional facts, if they exist." *Id.* (quoting *Brown v. State*, 135 Idaho 676, 679, 23 P.3d 138, 141 (2001)). That is what Grant did

---

[1]    I also note another misunderstanding, expressed in the district court's notice of intent to dismiss, concerning the evidence that may be considered by the court relative to summary dismissal of a post-conviction action. In the district court's notice of intent to dismiss, the court stated, "As the Petitioner did not request the review of the underlying criminal record, this court cannot examine any evaluations or even determine what type of 'psych-evaluation,' if any, occurred here." The court thereby unduly limited the information it could consider. Idaho Rule of Evidence 201 governs judicial notice of adjudicative facts. Subsection (c) of that rule specifically contemplates that a court may take judicial notice, "whether requested or not," of records, exhibits or transcripts from the court file in a separate case. Therefore, the court was free to take judicial notice of the evaluations of Grant that were in the criminal case file. I also note that the district court apparently did take notice of information from the criminal case file when it refuted Grant's claims, for the court dismissed some of the claims based on the content of Grant's guilty plea questionnaire in the criminal case file.

in his response to the court's notice of intent to dismiss and, in my view, the additional information that he provided in that response was sufficient to state the possibility of a valid claim.

The majority opinion affirms the dismissal of this claim on the ground that a routine presentence interview is not a critical stage of the criminal proceedings. While I agree that this rule of law precludes Grant's claims of ineffective assistance for his attorney's failure to attend the PSI interview or to advise him in advance concerning the interview, I do not agree that it extends to an attorney's failure to identify and correct inaccuracies in the report at the sentencing hearing. Unlike the presentence interview, the sentencing hearing is unquestionably a critical stage of the adversarial process at which a criminal defendant is constitutionally entitled to effective assistance of counsel. *Estrada v. State*, 143 Idaho 558, 562, 149 P.3d 833, 837 (2006). Part of counsel's role at sentencing is to assure that erroneous information in the PSI is challenged and corrected. In my view, an attorney's failure to discuss the PSI with the defendant and make efforts to correct errors in the PSI that are brought to the attorney's attention by the defendant constitutes deficient performance. It is unknown, of course, whether, with the assistance of counsel, Grant could present evidence sufficient to prove this claim or even sufficient to survive a motion for summary dismissal. (To date he has not, for example, even identified any of the alleged inaccuracies in the PSI.) He has, however, alleged at least the *possibility* of a valid claim and, therefore, in my view, should have been appointed counsel to assist him in presenting it.

Likewise, Grant's allegation that his attorney failed to present available mitigating evidence at sentencing asserts the possibility of a valid claim. The majority holds that this claim was properly dismissed because counsel's failure to present mitigating evidence could constitute sound trial strategy. In my view, that disposition is inappropriate at this stage of the proceedings. As the majority notes, tactical or strategic decisions of trial counsel will not be second-guessed on appeal "unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation." *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994). At this stage, with Grant not having been appointed counsel to help him develop this claim, neither the district court nor this Court is in a position to determine whether there existed viable mitigating evidence or, if so, whether the attorney's failure to present it was based on inadequate preparation, ignorance of relevant law, or other

13

shortcomings. We have previously held that an omission to present available mitigating evidence at sentencing can constitute ineffective assistance of counsel warranting post-conviction relief. *Vick v. State*, 131 Idaho 121, 125-26, 952 P.2d 1257, 1261-62 (1998); *see also Richman v. State*, 138 Idaho 190, 193, 59 P.3d 995, 998 (Ct. App. 2002). Thus, this is a claim for which Grant should have been appointed counsel. For the foregoing reasons, I would reverse the summary dismissal with respect to the two claims described above and would remand for appointment of counsel and further proceedings on those claims.