**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44750**

|  |  |
|---|---|
| MICHAEL R. MURPHY, | ) |
| | ) **Filed: June 21, 2018** |
| Petitioner-Appellant, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Michael R. Murphy, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Michael R. Murphy appeals from the order summarily dismissing his petition for post-conviction relief.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 23, 2006, Murphy pled guilty in Jerome County Case No. CR-2006-555 ("2006 case") to trafficking in the immediate precursors of methamphetamine, Idaho Code § 37-2732B(a)(5). The district court entered a judgment of conviction and imposed a twenty-year sentence with ten years determinate. Murphy did not file a direct appeal from the judgment or sentence. Following a period of retained jurisdiction, the district court suspended Murphy's sentence and placed him on probation for seven years.

Murphy subsequently admitted to violating his probation, which resulted in the State filing additional criminal charges against Murphy. Thus, in 2015 Murphy pled guilty in Jerome

1

County Case No. CR-2014-5175 ("2014 case") to two misdemeanor counts of battery on a police officer, I.C. §§ 18-903(b), 18-915(1)(b); possession of methamphetamine (second or subsequent offense), I.C. § 37-2732(c)(1); and destruction, alteration, or concealment of evidence, I.C. § 18-2603. The court revoked probation in the 2006 case and imposed the underlying sentence of twenty years with ten years determinate, and applied credit for 605 days served. In the 2014 case, the court entered a judgment of conviction and imposed the following sentences: fourteen years with six years determinate for possession of methamphetamine; five years determinate for destruction of evidence; and 365 days each for the two misdemeanor battery charges. The court ordered all sentences to run concurrently.

Murphy then filed Idaho Criminal Rule 35 motions for reduction of his sentences in both cases, which the district court denied. Murphy appealed to this Court contending his sentences in the 2014 case were excessive, that the district court had abused its discretion in denying his Rule 35 motions, and that the district court had abused its discretion by revoking his probation and executing the underlying sentence in the 2006 case. We affirmed the orders denying Murphy's Rule 35 motions, the district court's order revoking probation and executing the previously suspended sentence in the 2006 case, and the judgment of conviction and sentences in the 2014 case. *See State v. Murphy*, Docket Nos. 43119/43121, (Ct. App. Nov. 16, 2015) (unpublished).

On November 8, 2016, Murphy filed a verified petition for post-conviction relief challenging his 2006 conviction for trafficking in precursors to methamphetamine.[1] Murphy also filed a motion for appointment of post-conviction counsel. The district court entered a notice of its intent to dismiss the petition and to deny the request for appointment of counsel because the petition was untimely and the claims were frivolous. Murphy objected arguing the petition was not untimely. The district court ultimately concluded Murphy's petition was untimely and denied counsel and summarily dismissed the petition. Murphy timely appeals.

## II.

## ANALYSIS

Murphy asserts he is entitled to withdraw his guilty plea in the 2006 case on the count of trafficking in the immediate precursors of methamphetamine because he was illegally convicted.

---

[1]     Murphy did not raise any claims concerning the judgment of conviction entered in his 2014 case in his petition.

Murphy requests the transcripts of his change of plea hearing and his sentencing hearing in the 2006 case. According to Murphy, the transcripts allegedly contain the district court's words, which he argues will prove that he was illegally convicted of trafficking in the immediate precursors of methamphetamine. Murphy also argues, however, that the district court is withholding the evidence and/or facts needed to prove that he was illegally convicted of trafficking in the immediate precursors of methamphetamine.[2]

The State argues that Murphy's post-conviction petition is frivolous because it is untimely. The State also argues the district court did not err by denying Murphy's request for post-conviction counsel. We agree.

First, we address the timeliness of Murphy's petition. Our review of the district court's construction and application of the limitation statute is a matter of free review. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009). The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003). The failure to file a timely petition is a basis for dismissal of the petition. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206.

In the 2006 case, the district court sentenced Murphy and entered judgment of conviction on October 16, 2006. Although nothing prevented him from doing so, Murphy did not file a direct appeal challenging the judgment or sentence in that case. Thus, the judgment became final forty-two days after its entry. Murphy did not file his petition for post-conviction relief within one year after the judgment became final. Murphy did not file the petition until November 8, 2016, well outside of the statute of limitation. Murphy failed to demonstrate any valid basis to apply tolling principals. Accordingly, Murphy's failure to timely file the petition is a proper basis for the district court's dismissal of the petition.

---

[2]    Murphy also invites this Court to review the transcripts that he has requested for error. The Court of Appeals will not search the record for unspecified errors relating to Murphy's guilty plea on the count of trafficking in the immediate precursors of methamphetamine. *State v. Kelling*, 108 Idaho 716, 719, 701 P.2d 664, 667 (Ct. App. 1985).

3

Next, we address the district court's denial of Murphy's request for appointment of post-conviction counsel. If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id*. The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *Id*.

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Grant*, 156 Idaho at 603, 329 P.3d at 385. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *Id*. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Grant*, 156 Idaho at 603, 329 P.3d at 385.

Here, Murphy's claims are untimely and thus do not raise any genuine issues of material fact. Therefore, Murphy's claims are so patently frivolous that there is no possibility that they could be developed into a viable claim even with the assistance of counsel. Accordingly, the district court did not abuse its discretion by denying Murphy's motion for appointment of post-conviction counsel.

## III.

## CONCLUSION

Murphy's petition for post-conviction relief was untimely filed. The district court did not abuse its discretion by denying Murphy's motion for appointment of post-conviction counsel and

4

summarily dismissing his petition.  Accordingly, the order summarily dismissing the petition for post-conviction relief is affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.