**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46173**

| | |
|---|---|
| **BRIAN GREGORY FIORI,** | ) |
| | ) **Filed:  November 20, 2019** |
| **Plaintiff-Appellant,** | ) |
| | ) **Karel A. Lehrman, Clerk** |
| **v.** | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| **STATE OF IDAHO,** | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| **Respondent.** | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Scott Wayman, District Judge.

Judgment dismissing petition for post-conviction relief, vacated; order denying appointment of counsel and summarily dismissing petition for post-conviction relief, reversed; and case remanded.

Brian Fiori, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Brian Gregory Fiori appeals from the district court's order denying appointment of counsel and the judgment summarily dismissing his petition for post-conviction relief.  Fiori argues that his petition for post-conviction relief, while inartful, alleged facts that merited appointment of counsel and thus the dismissal of his petition was in error.  Because Fiori's petition alleged facts that raise the possibility of a valid claim, this Court reverses the order denying Fiori's motion for the appointment of counsel and vacates the judgment dismissing Fiori's petition for post-conviction relief.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A jury found Fiori guilty of felony driving under the influence (third or subsequent offense), Idaho Code § 18-8004.  The district court imposed a unified sentence of twelve years,

1

with five years determinate, to run concurrently with Fiori's sentences in separate cases. Fiori appealed, contending his sentence was excessive. In an unpublished opinion, this Court affirmed the judgment of conviction and sentence. *State v. Fiori*, Docket No. 44861 (Ct. App. Jan. 18, 2018).

Fiori filed a verified petition for post-conviction relief with a supporting affidavit requesting the district court to overturn the jury verdict, to vacate the judgment of conviction, and/or vacate the sentence. Fiori's petition alleged nineteen grounds for relief, predominantly comprised of various claims of ineffective assistance of trial counsel. Fiori's other claims alleged ineffective assistance of conflict counsel, ineffective assistance of appellate counsel, prosecutorial misconduct, juror misconduct, judicial error, and violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. To support his petition, Fiori moved to file a nearly 400-page supplemental affidavit, describing the claims with more specificity, citing legal authorities, and including various documents as supporting evidence. Fiori also filed motions and supporting affidavits for permission to proceed on partial payment of court fees and for appointment of counsel for the post-conviction proceedings.

The district court granted Fiori's motion to file the supplemental affidavit and after making a finding of indigence, granted Fiori's motion to proceed without paying court fees. However, the district court held that because Fiori did not provide factual support for his claims, the claims for post-conviction relief were frivolous and so the court denied Fiori's motion for appointment of counsel. The district court issued a notice of intent to dismiss Fiori's petition, citing I.C. § 19-852(b)(3). The district court found that the case was not a case "that a reasonable person with adequate means would be willing to bring at his own expense." First, the district court found that,

> very little of the affidavit is paginated or otherwise numbered in any way. "[T]he district court [i]s not required to search the record looking for evidence to create a genuine issue of material fact." *Vreeken v. Lockwood Eng'g, B.V.*, 148 Idaho 89, 103-04, 218 P.3d 1150, 1164[-165] (2009). *See also Barcella v. State*, 148 Idaho 469, 475, 224 P.3d 53[6], 542 (Ct. App. 2009).

Second, the district court held,

> Many of the issues raised in the petition either were previously decided upon appeal or prior thereto or could have been raised on appeal or prior thereto. They are therefore inappropriate matters to be raised in a petition for post-conviction relief except to the extent that they might support an ineffective assistance of counsel claim.

2

Third, the district court held that Fiori's petition did not establish a genuine issue of material fact that, if resolved in his favor, would entitle him to post-conviction relief because Fiori did not present sufficient admissible evidence or proof of prejudice, but only unsubstantiated claims of wrongdoing.

Fiori filed a response to the district court's notice of intent to dismiss, a second motion for the appointment of counsel, and another motion to proceed on partial payment of court fees. Among other claims, Fiori asserted that without the appointment of counsel, the district court could not fully evaluate the merits of the claims given his status as a pro se, incarcerated petitioner. Reiterating its determination that Fiori's petition was frivolous, the district court entered an order denying Fiori's second request for the appointment of counsel and a judgment dismissing the petition for post-conviction relief. The district court denied Fiori's motion to proceed on appeal on partial payment because the proceeding was frivolous. Fiori timely appeals.

## II.

## STANDARD OF REVIEW

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014). "Although the appointment of counsel is discretionary, counsel 'should' be appointed when there is the possibility of a valid claim; failure to do so is an abuse of discretion." *Andrus v. State*, 164 Idaho 565, 569, 433 P.3d 665, 669 (Ct. App. 2019). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Grant*, 156 Idaho at 603, 329 P.3d at 385.

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Grant*, 156 Idaho at 603, 329 P.3d at 385. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *Id.* Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of

3

a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Grant*, 156 Idaho at 603, 329 P.3d at 385.

## III.

## ANALYSIS

It is not disputed that Fiori is unable to afford counsel; the district court found Fiori indigent and the State does not challenge this finding on appeal. Therefore, the remaining issue is whether Fiori has alleged facts that raise the possibility of a valid claim such that counsel should be appointed. Because Fiori's petition alleged facts that raise the possibility of a valid claim, this Court reverses the district court's order denying Fiori the appointment of counsel and vacates the judgment dismissing Fiori's petition for post-conviction relief.

The State argues the district court did not err by denying Fiori appointment of counsel because Fiori's claims were conclusory and without supporting evidence. With respect to a pro se petitioner's initial application requesting the appointment of counsel, conclusory allegations are not synonymous with frivolous allegations. *Grant*, 156 Idaho at 603, 329 P.3d at 385. To request appointed counsel, a petitioner does not need to support his claims with admissible evidence: "[t]he petitioner need only *allege* facts which raise the possibility of a valid claim." *Id*. at 604 n.4, 329 P.3d at 386 n.4. This requirement reflects the realities indigent, incarcerated, and pro se petitioners face when filing post-conviction petitions. *Swader v. State*, 143 Idaho 651, 654-55, 152 P.3d 12, 15-16 (2007). In *Swader*, the petitioner filed a pro se petition for post-conviction relief and a motion for the appointment of counsel. *Id*. at 652, 152 P.3d at 13. The district court issued a notice of intent to dismiss the petition and reserved ruling on the motion for appointment of counsel until after it received Swader's response to the notice of intent to dismiss. *Id*. at 653, 152 P.3d at 14. The district court ultimately dismissed the petition and denied the motion to appoint counsel on the grounds that the claims were frivolous. *Id*. Swader appealed.

On appeal, the Idaho Supreme Court held that the district court applied the incorrect standard for the appointment of counsel. *Id*. The Court reasoned that the investigation into facts

4

not already contained in the record and the presentation of sufficient evidence to prevail on an ineffective assistance of counsel claim "will often require the assistance of someone trained in the law." *Id*. at 654-55, 152 P.3d at 15-16. Thus, "one of the important functions of counsel may be to assist in finding and presenting admissible evidence." *Grant*, 156 Idaho at 604 n.4, 329 P.3d at 386 n.4. The Court then reviewed the record, noted specific facts cited by Swader in support of her claims, and determined that Swader had alleged facts supporting some element of a valid claim. *Swader*, 143 Idaho at 654, 152 P.3d at 15.

The district court in this case applied incorrect standards to determine whether Fiori had alleged sufficient facts to merit the appointment of counsel. The district court cited Idaho Code § 19-852, however, I.C. § 19-852 does not apply to the appointment of counsel in post-conviction cases. *See Swader*, 143 Idaho at 653, 152 P.3d at 14. The district court thereafter analyzed whether the claims were frivolous, which is also an incorrect standard. *Id.* at 653, 152 P.3d at 14, citing *Charboneau v. State*, 140 Idaho 789, 102 P.3d 1108 (2004). The proper standard for determining whether to appoint counsel in a post-conviction proceeding is whether the petition alleges facts showing the possibility of a valid claim. *Swader*, 143 Idaho at 653, 152 P.3d at 14. When determining whether to grant or deny a motion to appoint counsel for a petition for post-conviction relief, the district court is required to make a determination that *no facts* alleged in the petition give rise to the possibility of a valid claim. *Grant*, 156 Idaho at 603, 329 P.3d at 385. Thus, only after reviewing the entire petition and supporting documents can a court conclude that none of the alleged facts give rise to the possibility of a valid claim.

Here, because the district court did not apply the correct legal standard when it addressed Fiori's motion for the appointment of counsel, it did not analyze each allegation to determine if the allegation was potentially viable and if not, from what deficiencies the claim suffered. Without going through each allegation and determining whether Fiori raised the possibility of a valid claim or articulating the deficiency of the claim, the district court erred.

To the extent *Swader* stands for the proposition that the appellate court can review the record and determine whether the petitioner alleges at least one potentially viable claim, we find a review of Fiori's petition and supplemental affidavit[1] demonstrates that Fiori alleged sufficient

---

[1]     Fiori's affidavit to his post-conviction petition heavily relied on, quoted, and cited to specific pages of the transcripts of his underlying criminal case. Despite this, Fiori neither presented the criminal trial transcripts as an exhibit nor asked the district court to take judicial

facts to allege at least one potentially viable claim. This Court makes no findings regarding Fiori's likelihood of success on any of the claims alleged in his petition. The analysis at this stage is simply whether Fiori has alleged facts that give rise to the possibility of a valid claim for post-conviction relief to warrant the appointment of counsel. The district court's judgment dismissing Fiori's petition without engaging in that analysis was error. *See Swader*, 143 Idaho at 652, 152 P.3d at 13.

## IV.

## CONCLUSION

This Court reverses the order denying Fiori's motion for the appointment of counsel, vacates the judgment dismissing Fiori's petition for post-conviction relief, and remands the case for proceedings consistent with this opinion.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

---

notice of them pursuant to Idaho Rule of Evidence 201. Fiori's reliance on the transcripts from his underlying criminal case signaled that the transcripts provided additional factual support for the claims in his post-conviction petition. Resolving procedural deficiencies--like including transcripts as part of the petition--are precisely the kind of acts counsel can assist with and thus avoid procedural default for failing to factually support claims.