**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48582**

| | |
|---|---|
| NATHAN DEAN WAGSTAFF, | ) |
| | ) **Filed: July 5, 2022** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>vacated</u>; order denying motion for appointment of counsel, <u>reversed</u>; and <u>case remanded</u>.

Nevin, Benjamin & McKay LLP; Dennis Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

Nathan Dean Wagstaff appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. Wagstaff asserts the petition alleged facts that raised the possibility of a valid claim for post-conviction relief; therefore, the district court erred in dismissing the petition for post-conviction relief and denying Wagstaff's motion for the appointment of counsel. For the reasons set forth below, we vacate the judgment dismissing the petition for post-conviction relief, reverse the order denying the motion for appointment of counsel, and remand the case for further proceedings.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Wagstaff pled guilty to felony driving under the influence, and the district court imposed a unified sentence of ten years, with three years determinate. *State v. Wagstaff*, Docket No. 47880

1

(Ct. App. Nov. 4, 2020) (unpublished). Subsequently, Wagstaff filed a motion for the appointment of counsel and a petition for post-conviction relief. Wagstaff alleged various claims for relief, including a claim that his trial counsel was ineffective for failing to file an appeal. Wagstaff also alleged that he filed his own appeal and it was dismissed as untimely.

The district court entered a notice of intent to dismiss the petition, wherein it concluded Wagstaff's allegation that trial counsel was ineffective for not filing an appeal was conclusory and contained no verified facts demonstrating that trial counsel's representation fell below a reasonable standard of competency. The district court denied Wagstaff's motion for the appointment of counsel, finding the claims in the petition to be frivolous.

Wagstaff responded to the notice of intent to dismiss with an affidavit containing various exhibits. Included was a letter written by Wagstaff addressed to his trial counsel which stated, "have you filed an Appeal yet?"; "I need to talk with you Imediately [sic] and file an Appeal"; "42 days are running for the Appeal"; and "So please file Appeal and Habeas Corpus."

The district court dismissed Wagstaff's petition for post-conviction relief and denied Wagstaff's renewed request for appointed counsel. Wagstaff timely appealed.

## II.

## STANDARD OF REVIEW

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id*. The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *Id.*

## III.

## ANALYSIS

Wagstaff asserts the district court erred by denying his motion to appoint counsel and dismissing his claim of ineffective assistance of counsel, which was based on an allegation that trial counsel failed to file a notice of appeal. The State concedes the district court erred in denying Wagstaff's motion for the appointment of counsel because Wagstaff's petition, coupled with the

2

letter included in his affidavit, alleged facts that may have developed into a viable claim with the assistance of counsel. The State requests this Court reverse the district court's order denying counsel and appoint counsel for further proceedings on the claim of ineffective assistance of counsel only.

In determining whether to appoint counsel pursuant to Idaho Code § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Grant*, 156 Idaho at 603, 329 P.3d at 385. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *Id.* Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Grant*, 156 Idaho at 603, 329 P.3d at 385.

When a defendant has expressly requested an appeal, counsel performs deficiently by disregarding the defendant's instruction. *Garza v. Idaho*, 139 S. Ct. 738, 746 (2019). In the letter attached to Wagstaff's affidavit, Wagstaff expressly requested his trial counsel file an appeal, and Wagstaff alleged counsel did not do so. Wagstaff demonstrated the possibility of a valid claim of ineffective assistance of counsel under *Garza*, and the district court should have appointed counsel in order to give Wagstaff an opportunity to have counsel assist him in properly presenting the claim. *Charboneau v. State*, 140 Idaho 789, 793, 102 P.3d 1108, 1112 (2004). Accordingly, the district court erred in denying the motion for appointment of counsel and summarily dismissing the petition for post-conviction relief.

The State argues that on remand, counsel should be appointed to pursue only the ineffective assistance of counsel claim. Wagstaff asserts this Court should vacate the order dismissing the petition and appoint counsel without limitation.

The Idaho Supreme Court recently addressed the issue of limiting the scope of appointed post-conviction counsel in *Jimenez v. State*, ___Idaho ___, ___ P.3d___ (May 26, 2022).[1] There,

---

[1] We recognize the *Jimenez* opinion was issued after the State filed its brief in this case.

3

Jimenez filed a pro se petition for post-conviction relief and requested that counsel be appointed to represent him. *Id.* at ___, ___ P.3d at ___. The district court appointed an attorney to represent Jimenez, but limited the scope of representation to a single claim. *Id.* at ___, ___ P.3d at ___. On appeal, the Court ruled that limiting the scope of appointed counsel's representation to only a single claim, rather than to representation in the entire proceeding, is contrary to the applicable standard for the appointment of counsel in post-conviction cases articulated in I.C. § 19-4904; contrary to the Court's admonition in *Charboneau*, 140 Idaho at 792, 102 P.3d at 1111, that trial courts remain mindful of the difficulties faced by pro se petitioners; and contrary to the Court's decision in *Ward v. State*, 166 Idaho 330, 458 P.3d 199 (2020). *Jiminez*, ___Idaho at ___, ___ P.3d at ___. *Jimenez* makes clear that once the district court determines that the appointment of counsel is appropriate, it is error for a court to limit the scope of the appointment of post-conviction counsel to anything less than representation in the entire post-conviction proceeding. Thus, on remand, the district court must appoint counsel to represent Wagstaff on his post-conviction petition without limitation.

## IV.

## CONCLUSION

The district court erred by denying Wagstaff's motion for the appointment of counsel and summarily dismissing the petition for post-conviction relief. Accordingly, we reverse the district court's order denying the motion for appointment of counsel, vacate the judgment dismissing the petition for post-conviction relief, and remand the case for further proceedings consistent with this opinion.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.