RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 12a0232p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,

     *Plaintiff-Appellee,*

  *v.*

DAVID W. SHARP,

     *Defendant-Appellant.*

No. 10-6127

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 09-00072-001—Thomas A. Varlan, District Judge.

Argued: March 1, 2012

Decided and Filed: July 27, 2012

Before: MARTIN and McKEAGUE, Circuit Judges; CALDWELL, District Judge.[*]

_____

### COUNSEL

_____

**ARGUED:** Derek E Diaz, HAHN, LOESER & PARKS LLP, Cleveland, Ohio, for
Appellant. Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville,
Tennessee, for Appellee. **ON BRIEF:** Derek E Diaz, HAHN, LOESER & PARKS LLP,
Cleveland, Ohio, for Appellant. Luke A. McLaurin, Tracy L. Stone, UNITED STATES
ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

_____

### OPINION

_____

  KAREN K. CALDWELL, District Judge.  It is well-settled that a dog's sniff
around the exterior of a car is not a search under the Fourth Amendment.  Defendant
appeals the district court's denial of his motion to suppress because a narcotics dog

---

[*]The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

1

jumped into his car and sniffed inside the car before "alerting" to the presence of narcotics. The canine's jump and subsequent sniff inside the vehicle was not a search in violation of the Fourth Amendment because the jump was instinctive and not the product of police encouragement. Therefore, we **AFFIRM.**

## I.  BACKGROUND

David W. Sharp was sentenced to 360 months in prison after a jury found him guilty of possession with intent to distribute 50 or more grams of methamphetamine. After Sharp was arrested on an unrelated warrant, the police seized 154 grams of methamphetamine, 10.5 grams of marijuana and drug paraphernalia found inside a shaving kit on the passenger seat of Sharp's car. The police searched the shaving kit after a trained narcotics detection canine jumped into the car through the driver's window and alerted to the presence of drugs inside the shaving kit.

When the dog and his police officer-handler arrived at the scene, the driver's window was down. The handler gave the dog the command to search for drugs, and the dog sniffed the exterior of the vehicle, starting at the front passenger's side headlight. The dog moved along the front of the car toward the driver's side of the vehicle. The dog passed the driver's door, went halfway down the rear driver's side door, stopped, turned his head back towards the driver's door and walked to it. Then, without formally alerting to the presence of narcotics, the dog bounced once and jumped through the open driver's window into the car. After jumping through the window, the dog went into the back seat, then back to the front and looked up or alerted on the front passenger seat. The handler asked the dog to "show me," and with his nose, the dog poked the shaving kit on the front passenger seat.

Sharp initially moved to suppress the seized evidence on two grounds. First, Sharp argued that the police physically searched his car prior to the arrival of the narcotics detection canine. Second, Sharp argued that the dog sniff was conducted improperly. After an evidentiary hearing, the magistrate judge rejected Defendant's arguments and recommended that the motion be denied. Defendant objected only to the

magistrate judge's conclusion that the police did not search his car prior to the narcotics dog's arrival.  Defendant did not object to the magistrate judge's recommendation regarding the dog's conduct.  The district court adopted the magistrate judge's report and recommendation.

Defendant appeals the denial of his motion to suppress arguing that the dog's jump and sniff inside the car was a search in violation of the Fourth Amendment.

## II.  ANALYSIS

This appeal raises two issues.  First, Sharp argues that he did not waive his right to appeal the lawfulness of the dog sniff even though he did not object to the magistrate judge's report and recommendation on that issue.  Next, Defendant argues that the dog's jump through an open window and sniff inside his car was a search that violated the Fourth Amendment.

## A.

The United States argues that Sharp waived his right to appeal the lawfulness of the dog sniff because he did not object to the magistrate judge's report and recommendation on that ground.  Defendant argues that his objection to the dog sniff has been forfeited, not waived, and thus may be reviewed for plain error because he objected to the magistrate judge's report even though he failed to raise a specific objection to the dog sniff.  Similar to issues of procedural default in habeas petitions, "[w]e cut to the merits here, since the [waiver versus forfeiture] analysis adds nothing but complexity to the case." *Babick v. Berghuis*, 620 F.3d 571, 576 (6th Cir. 2010).  It is unnecessary to address the waiver versus forfeiture issue because even under a *de novo* review, the dog's jump into the car and subsequent sniff was not a search that violated the Fourth Amendment. *See United States v. Bowman*, 634 F.3d 357, 362 (6th Cir. 2011) (declining to decide the waiver issue because the result would be the same under either proposed standard of review); *Ganun v. State Farm Mut. Auto. Ins. Co.*, No. 09-12966, 2011 WL 1869429, at *2 (E.D. Mich. May 16, 2011) (declining to decide if the objections to the

magistrate judge's report and recommendation were waived because, even on *de novo* review, the result is the same).

**B.**

It is well-established  that "a canine sniff is not a search within the meaning of the Fourth Amendment," but "the canine team must lawfully be present at the location where the sniff occurs."  *United States v. Reed*, 141 F.3d 644, 650 (6th Cir. 1998). An alert to the presence of drugs by a properly trained narcotics detection dog is sufficient to establish probable cause to search a vehicle. *See, e.g.*, *United States v. Diaz*, 25 F.3d 392, 393-94 (6th Cir. 1994).  Defendant argues that the narcotics detection dog was not lawfully present at the location where the sniff occurred because the sniff occurred inside the car after the dog jumped into the car through an open window.

Unlike other circuits, this Court has not addressed this exact situation.  In another case involving a police canine, however, we have stated that "absent police misconduct, the instinctive acts of trained canines . . . do[] not violate the Fourth Amendment." *Reed*, 141 F.3d at 650.  In *Reed*, the defendant allowed the police and a trained canine to enter his apartment to search for a fugitive burglar. *Id.* at 647.  The police gave the canine the signal to search for intruders and released the dog. *Id.*  The defendant did not know that the canine was also trained to search for drugs. Although not ordered to search for drugs, the dog alerted to the presence of drugs in several areas during the search. *Id.* The canine alerted to the presence of drugs inside a dresser and knocked one of the dresser drawers off its runners. *Id.*  After the drawer fell to the ground, the police observed, in plain view, what appeared to be narcotics inside the dresser drawer. *Id.* This Court noted that "at least two circuits have found that, absent police misconduct, the instinctive acts of trained canines, such as trying to open a container containing narcotics, do[] not violate the Fourth Amendment." *Reed*, 141 F.3d at 650 (citing *United States v. Lyons*, 957 F.2d 615, 617 (8th Cir. 1992); *United States v. Stone*, 866 F.2d 359, 364 (10th Cir. 1989)).

Our sister circuits who have addressed this precise issue are unanimous in holding that a dog's instinctive jump into a car does not violate the Fourth Amendment

as long as the canine enters the vehicle on its own initiative and is neither encouraged nor placed into the vehicle by law enforcement. *See, e.g.*, *United States v. Pierce*, 622 F.3d 209, 213-14 (3d Cir. 2010); *United States v. Lyons*, 486 F.3d 367, 373 (8th Cir. 2007); *United States v. Stone*, 866 F.2d 359, 364 (10th Cir. 1989). The Tenth Circuit was the first court to conclude that even though a drug detection dog jumped into a car through an open hatchback, the "dog's instinctive actions d[o] not violate the Fourth Amendment" because the police did not ask the defendant to open the hatchback nor did the police encourage the dog to jump into the car. *Stone*, 866 F.2d at 364. In contrast, a dog sniff from the inside of a vehicle becomes a search that violates the Fourth Amendment when "the officers themselves opened the door" and "*facilitate[d]* a dog sniff of the van's interior." *United States v. Winningham*, 140 F.3d 1328, 1331 (10th Cir. 1998). The Tenth Circuit recently reaffirmed this distinction, stating that "we have upheld the legality of such a sniff during a lawful detention when . . . (1) the dog's leap into the car was instinctual rather than orchestrated and (2) the officers did not ask the driver to open the point of entry, such as a hatchback or window, used by the dog." *United States v. Vazquez*, 555 F.3d 923, 930 (10th Cir. 2009).

The Eighth and Third Circuits have adopted the Tenth Circuit's reasoning first articulated in *Stone*. The Eighth Circuit held that "[a]bsent police misconduct, the instinctive actions of a trained canine do not violate the Fourth Amendment." *Lyons*, 486 F.3d at 373. Additionally, the Eighth Circuit made clear that officers do not have an "affirmative duty to close the windows in preparation for the dog sniff." *Id.* The Third Circuit, citing *Stone* and *Vasquez,* held that a dog's instinctive jump into a car does not violate the Fourth Amendment and that "instinctive implies the dog enters the car without assistance, facilitation, or other intentional action by its handler." *Pierce*, 622 F.3d at 214 (internal quotation marks omitted). In sum, "the majority of federal courts that have confronted questions similar to that presented in this case have concluded that canine sniffs of the interior of a vehicle or other container are lawful, but suggest that such interior sniffs may become constitutionally infirm in the event that the interior sniff is accomplished or facilitated by the officer-handler." *United States v. Hutchinson*, 471 F. Supp. 2d 497, 508 (M.D. Pa. 2007).

We now join our sister circuits in holding that a trained canine's sniff inside of a car after instinctively jumping into the car is not a search that violates the Fourth Amendment as long as the police did not encourage or facilitate the dog's jump.

The magistrate judge correctly concluded that the dog was not cued or improperly instructed to jump into Sharp's car. Defendant argues that the dog's jump was not "instinctive" because the dog was trained to sniff for drugs and that by jumping into the car, he was merely carrying out that training. This argument misinterprets the term training. Of course, narcotics detection canines are trained to sniff for drugs, and the dog jumped into Sharp's car because he was sniffing for and smelled drugs. Thus, on some level, the dog jumped into Sharp's car because of his training. But while it is a Fourth Amendment violation for a narcotics canine to be trained to jump into cars, it is not a Fourth Amendment violation for a dog to jump into a car on its own volition and instinct when sniffing for drugs, as long as the dog's behavior has not been facilitated by law enforcement. This inquiry focuses on the police's conduct in training the dog before the search and the officers' conduct during the search. It is a Fourth Amendment violation for a narcotics detection dog to jump into a car because of something the police did, like training the dog to jump into cars as part of the search or facilitating or encouraging the jump.

Additionally, Defendant argues that the dog sniff violated the Fourth Amendment because the dog had a known habit of jumping into open car windows. Whether the dog has jumped into cars before is irrelevant. The issue is whether the police trained the dog to jump into vehicles or did something to encourage or facilitate the jump into Sharp's car. The evidence at the suppression hearing showed that the dog had some history of jumping into cars but that his behavior was driven by his instinct, not by his training. The dog's handler testified that it is "usual" for the dog to jump into a vehicle through an open window if there is an odor but that he will not jump into the vehicle if there is not an odor. If the dog had been trained to jump into vehicles rather than merely trained to sniff for drugs, he would jump into vehicles sometimes when there is an odor and sometimes when there is not. The officers did not encourage or facilitate the dog's jump

into the vehicle and did not have an affirmative duty to close the open window. *See Lyons*, 486 F.3d at 373-74.  Therefore, the dog's jump into Defendant's car was not a search in violation of the Fourth Amendment.

### III.  CONCLUSION

The drug dog jumped into Defendant's car because the dog smelled drugs in the car, not because he was trained to jump into the car or because the police encouraged or facilitated the jump.  Accordingly, we **AFFIRM** the judgment.