**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42097**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Opinion No. 53** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: August 26, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **FREDDIE ANTHONY NARANJO,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Orders denying motion to suppress and motion to reconsider, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Freddie Anthony Naranjo appeals from the district court's orders denying his motion to suppress and motion to reconsider. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Responding to a traffic stop of Naranjo, an officer ran his canine around the exterior of Naranjo's vehicle. Naranjo left his driver's side window open. The officer directed the dog to sniff the driver's side door seam. While sniffing the seam, the dog spontaneously moved his head up to the open window and thereafter alerted. The officer searched the vehicle and found methamphetamine residue and drug paraphernalia in the driver's side door panel.

The State charged Naranjo with possession of methamphetamine. Naranjo moved to suppress all evidence obtained after the dog sniffed the open window, asserting the dog's sniff

1

violated the Fourth Amendment. The district court denied the motion and Naranjo's subsequent motion for reconsideration. Naranjo timely appeals the motion to suppress and motion for reconsideration.

## II.

## ANALYSIS

Naranjo seeks to suppress all evidence obtained after the dog sniffed the open window, asserting the dog's sniff violated the Fourth Amendment. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Courts presume warrantless searches are unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* Pursuant to the automobile exception, a warrantless search of a vehicle is authorized when there is probable cause to believe the vehicle contains contraband or evidence of criminal activity. *United States v. Ross*, 456 U.S. 798, 824 (1982); *State v. Smith*, 152 Idaho 115, 120, 266 P.3d 1220, 1225 (Ct. App. 2011). When a reliable drug dog indicates that a lawfully stopped automobile contains the odor of controlled substances, the officer has probable cause to believe that there are drugs in the automobile and may search it without a warrant. *State v. Tucker*, 132 Idaho 841, 843, 979 P.2d 1199, 1201 (1999); *State v. Gibson*, 141 Idaho 277, 281, 108 P.3d 424, 428 (Ct. App. 2005). A reliable drug dog's indication on the exterior of a vehicle is not a search for Fourth Amendment purposes. *Illinois v. Caballes*, 543 U.S. 405, 409 (2005); *see also State v. Aguirre*, 141 Idaho 560, 563, 112 P.3d 848, 851 (Ct. App. 2005).

Here, the district court found that the officer directed the dog to sniff along the door seam and in doing so, the dog "put its nose into the open window and immediately thereafter sat down and indicated the presence of narcotics."[1] Naranjo argues that the dog's brief, spontaneous entry into the open window exceeded the scope of an exterior vehicle sniff, amounting to an unconstitutional search without a warrant or probable cause.[2]

Because there are no Idaho cases directly on point,[3] the district court relied on a string of federal cases. Those cases hold that absent police misconduct, the instinctive actions of trained drug dogs do not expand the scope of an otherwise legal dog sniff to an impermissible search without a warrant or probable cause. *United States v. Sharp*, 689 F.3d 616, 620 (6th Cir. 2012) (no search when dog jumped through open window without facilitation by police); *United States v. Pierce*, 622 F.3d 209, 214-15 (3d Cir. 2010) (no search when, without facilitation by police, dog entered car door opened by defendant); *United States v. Lyons*, 486 F.3d 367, 373-74 (8th Cir. 2007) (no search when, without facilitation by police, dog's head entered window opened by passenger); *United States v. Stone*, 866 F.2d 359, 364 (10th Cir. 1989) (no search when dog jumped in hatchback that was not opened to permit dog to enter and police did not encourage entry); *United States v. Hutchinson*, 471 F. Supp. 2d 497, 510-11 (M.D. Pa. 2007) (no search

---

[1]    The officer testified,

> As we're trying to work the seam of the vehicle, [the dog] pops a head up to the open window. Uh, he sticks his head up towards the window, he closes his mouth, and begins to sniff what I--I will call vigorously, but begins to sniff actively, or whatever term you'd like to use. His ears set back, uh, as he's sniffing. Uh, I recognize that as the beginning part of alert behavior. He came down out of the vehicle and immediately jumped back up, continuing to sniff. Uh, he then came down out of the vehicle, he sat down and began to immediately look around. His sit is the final, uh, indication for the alert.

When asked if the dog's head went into the window, the officer testified, "He stuck his head into the window, yes."

[2]    The State argues that the Fourth Amendment only applies to actions of government agents and that the dog was not a government agent. We need not address this precise issue.

[3]    The district court referred to *Idaho Dep't of Law Enforcement by and Through Richardson v. $34,000 U.S. Currency*, 121 Idaho 211, 824 P.2d 142 (Ct. App. 1991). The court did not rely on that case because the police there developed probable cause before the dog's entry into the vehicle.

where dog entered car window that police did not open and police did not encourage entry); *cf.* *United States v. Winningham*, 140 F.3d 1328, 1331 (10th Cir. 1998) (search where police opened van door, unleashed dog as he neared the door, and the dog entered the van).

For example, a drug dog following a scent into a vehicle's interior is not a search. *Sharp*, 689 F.3d at 620 (no search when dog jumped into car "because he was sniffing for and smelled drugs"); *Pierce*, 622 F.3d at 214-15 (dog's interior sniffs were a "natural migration from his initial exterior sniffs" that "did not constitute a search"); *Lyons*, 486 F.3d at 374 (no search because dog "continued sniffing until he found the strongest source of the odor"); *Hutchinson*, 471 F. Supp. 2d at 506 n.8 (no search where dog "'followed the odor of narcotics' into the car").

The district court found that no officer opened Naranjo's window and there was no indication the dog was "doing anything other than acting by instinct and *leading itself to the odor source*." (Emphasis added.) Naranjo argues that "the facts make it clear that [the dog] had not yet alerted or even become excited [before entering the vehicle], so there clearly was no 'source' . . . to follow at that point." Thus, Naranjo asserts this case is distinguishable from the cases above because the dogs in those cases alerted or exhibited some pre-alert excitement or interest before entry and the dog here did not exhibit any such behavior before entering Naranjo's vehicle.

We do not believe a drug dog's behavior before entering a vehicle is constitutionally significant. While the dogs in many (but not all[4]) of the cases above exhibited some indication they had detected an odor before entering the vehicle, none of the cases based their holding on this fact. Rather, the cases focused on whether the dogs' acts were instinctual and whether police facilitated or encouraged the acts. *Sharp*, 689 F.3d at 620; *Pierce*, 622 F.3d at 214-15; *Lyons*, 486 F.3d at 373-74; *Stone*, 866 F.2d at 364; *Hutchinson*, 471 F. Supp. 2d at 510-11; *cf. Winningham*, 140 F.3d at 1331. Further, a dog may follow a scent to its source without any indication it has detected an odor before entering a vehicle. *Hutchinson*, 471 F. Supp. 2d at 506 n.8 (presuming dog entered car "due to the smell of the narcotics" because the dog indicated immediately after entry and the canine officer testified the dog "'followed the odor of narcotics' into the car," but "offered no testimony as to how he knew what drew [the dog] into the car").

---

[4] *United States v. Sharp*, 689 F.3d 616, 617 (6th Cir 2012) ("without formally alerting to the presence of narcotics, the dog bounced once and jumped through the open driver's window"); *United States v. Hutchinson*, 471 F. Supp. 2d 497, 506 n.8 (M.D. Pa. 2007) ("[officer] offered no testimony as to how he knew what drew [the dog] into the car").

In this case, the district court found the dog putting his nose in the window was an instinctual act that the police did not facilitate. Further, the district court found the dog was "leading itself to the odor source" and, after putting his nose in the window, the dog "immediately thereafter sat down and indicated the presence of narcotics." Although the dog did not indicate he had detected an odor before entering the vehicle, the district court's findings established that the dog was instinctually following an odor into Naranjo's vehicle and police did not facilitate the dog's conduct. Because these findings lead to the conclusion that the dog sniff here did not amount to a search, we hold that there was no search and the district court properly denied Naranjo's motion to suppress and motion for reconsideration.

## III.

## CONCLUSION

The dog sniff here did not amount to a search. The district court's orders denying Naranjo's motion to suppress and motion for reconsideration are affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.