Senior Judge COX
(concurring):
I concur in the well-reasoned opinion of the Chief Judge and I agree with the standard of review of the military judge’s findings of facts in this case and applying that standard, conclude, as did the Chief Judge, there was no “physical intrusion” into a constitutionally pi’oteeted zone.
However, whether the nose of a trained drug detection dog crossed or did not cross the invisible plane of an open car window (probably less than five mm in thickness) is a slender reed to cling to when determining whether a citizen’s Fourth Amendment rights to be free from a warrant-less search have been violated. I write separately to expand upon the holding that the military judge did not abuse his discretion in denying the motion to suppress the results of the traffic stop.
“[Conducting a dog sniff [does] not change the character of a traffic stop that is lawful at its inception and otherwise executed in a reasonable manner, unless the dog sniff itself infringed [the appellant’s] constitutionally protected interested in privacy.” Illinois v. Caballes, 543 U.S. 405, 408, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005). While “interior sniffs may become constitutionally infirm in the *365 event that the interior sniff is accomplished or facilitated by the officer-handler,” a dog’s instinctual behavior does not violate the Fourth Amendment where the canine acts “of its own initiative and is neither encouraged nor placed into the vehicle by law enforcement.” United States v. Sharp, 689 F.3d 616, 619-20 (6th Cir. 2012) (citations omitted); see also United States v. Pierce, 622 F.3d 209, 214 (3d Cir. 2010) (applying the “considerable body of jurisprudence” to conclude that the dog’s sniffs around the interior of the vehicle did not violate the Fourth Amendment where the handler neither caused nor directed the dog to do so); United States v. Winningham, 140 F.3d 1328, 1331 & n. 2 (10th Cir. 1998) (finding a constitutional violation where the police officer opened the vehicle and thus “facilitated” the dog’s intrusion into the interior). .
In this case, when Stryker, the drug dog, “went high” and placed his forepaws below the driver’s side window, he did so without prompting, urging, or facilitation by his handler or the other officers. In addition, Harrell had left the window open when she exited the vehicle to smoke a cigarette. Based on these established facts, I conclude that when Stryker leapt up on the car, whether his nose penetrated the interior of the car or not, his actions were instinctual and therefore did not violate the Fourth Amendment.
Accordingly, I join Chief Judge Erdmann’s opinion.