# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket Nos. 42182/42331

DALE CARTER SHACKELFORD,    )
    )
    Petitioner-Appellant,    )    **Boise, May 2016 Term**
    )
v.    )    **2016 Opinion No. 60**
    )
STATE OF IDAHO,    )    **Filed: May 27, 2016**
    )
    Respondent.    )    **Stephen W. Kenyon, Clerk**
_____)

Appeal from the District Court of the Second Judicial District of the State of Idaho, Latah County.  Hon. John R. Stegner, District Judge.

The orders of the district court are <u>affirmed</u>.

Dale C. Shackelford, appellant pro se.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent.

_____

J. JONES, Chief Justice

Appellant Dale Carter Shackelford was sentenced to death after being convicted of two counts of first-degree murder and other crimes. He appealed and sought post-conviction relief, and his death sentence was set aside. At resentencing, Shackelford was sentenced to two consecutive fixed life sentences. Shackelford petitioned for post-conviction relief based on the resentencing proceeding. He also petitioned again for post-conviction relief based on the original criminal trial. The district court summarily dismissed both petitions and Shackelford appealed each. The appeals have been consolidated in this case.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

The facts leading to Shackelford's convictions were summarized in *State v. Shackelford* ("*Shackelford I*"):

> Dale Shackelford was convicted of the murders of his ex-wife, Donna Fontaine, and her boyfriend, Fred Palahniuk, which occurred near the Latah

1

County town of Kendrick, Idaho, in May 1999. The State alleged that Shackelford conspired with Martha Millar, Bernadette Lasater, Mary Abitz, Sonja Abitz, and, John Abitz. Millar and Lasater worked for Shackelford's trucking business, Shackelford Enterprises, in Missouri. The Abitz family lived near the residence where the bodies of Donna and Fred were found. Sonja Abitz was Shackelford's fiancée at the time of the murders, and John and Mary Abitz are Sonja's parents. The alleged conspirators eventually pled guilty to charges related to the murders.

Shackelford and Donna married in Missouri in December 1995 and the relationship ended in the summer of 1997, with the couple divorcing in November of that year. Donna accused Shackelford of raping her in July 1997, and charges were filed in 1998. In the spring of 1999, Donna developed a relationship with Fred and, on May 28, 1999, the two visited Donna's brother, Gary Fontaine, at the home Gary and Donna's daughter owned together outside of Kendrick. The morning of May 29, Donna, Fred, and Gary went to the Locust Blossom Festival in Kendrick, where they met John, Mary, and Sonja Abitz.

After leaving the festival, Gary went to the Abitz's house, but he left around dark, returned home, noticed Donna's pickup in the driveway, and smelled smoke. Gary called the Abitz's house and reported that his two-story garage was on fire. Mary, Sonja, Ted Meske (Mary's brother), and Shackelford arrived at the fire and various individuals tried to extinguish it, but were unsuccessful.

At 7:40 p.m., Latah County Sheriff Patrol Deputy Richard Skiles was called to investigate the fire at 2168 Three Bear Road. When Skiles arrived at the scene, nearly an hour later, he observed several persons—including Gary Fontaine, Mary Abitz, Sonja Abitz, Brian Abitz (Sonja's brother), Ted Meske, and Shackelford—standing near the garage that was completely engulfed in flames. Based upon information obtained from Ted and Shackelford, Deputy Skiles contacted dispatch to have an on-call detective sent "because there was a possibility there could be a suicide victim in the fire." By the time the fire department arrived, the garage had been utterly destroyed. Several hours later, after the fire had been extinguished, two bodies were found in the rubble. The bodies were subsequently identified as the remains of Donna and Fred. At trial, a state fire investigator testified as to his opinion that the fire was arson.

Doctor Robert Cihak conducted autopsies of the remains, which were severely burned. Shotgun pellets were found in Donna's right chest region and a bullet was found in the back of her neck. Dr. Cihak opined that the bullet wound was fatal and was inflicted when Donna was still alive. A bullet was also found in Fred's body behind the upper breastbone, which Dr. Cihak concluded was the cause of death. Dr. Cihak offered his opinion that Donna and Fred were dead at the time of the fire.

150 Idaho 355, 361–362, 247 P.3d 582, 588–589 (2010) (footnote omitted).

Shackelford was charged with, and a jury convicted him of, two counts of first-degree murder, first-degree arson, conspiracy to commit first-degree murder, conspiracy to commit first-degree arson, and preparing false evidence. *Id.* at 362, 247 P.3d at 589. The trial court, rather than the jury, sentenced Shackelford to death for the murders. *Id.* Based on *Ring v. Arizona*, 536

U.S. 584 (2002), Shackelford argued in a petition for post-conviction relief that the death sentences violated the mandate that the jury and not the court weigh aggravating and mitigating factors in death penalty cases. *Shackelford I*, 150 Idaho at 363, 247 P.3d at 590. The district court set aside the death sentences, and we affirmed in *Shackelford I. Id.* at 386–388, 247 P.3d at 613–615. We also remanded *Shackelford I* for resentencing. *Id.* at 388, 247 P.3d at 615.

On March 18, 2011, Shackelford filed a "[Successive] Petition for Post Conviction Relief Capital Case" ("Successive Petition") and a "Motion for Appointment of Counsel Capital Case." The State filed an answer and a motion for summary disposition. On July 8, 2011, the district court denied all pending motions and suspended the Successive Petition pending the outcome of Shackelford's resentencing.

In Shackelford's criminal case, the State filed a Notice of State's Decision to Not Seek Death Penalty on Resentencing on June 20, 2011. In response, Shackelford contended that the court could not impose a sentence of fixed life absent a jury finding of a statutory aggravating circumstance, citing Idaho Code section 19-2515(7)(b). The district court rejected Shackelford's argument and sentenced him to fixed life for each murder, to be served consecutive with each other and the other sentences. On appeal, we affirmed Shackelford's fixed life sentences. *State v. Shackelford* ("*Shackelford II*"), 155 Idaho 454, 314 P.3d 136 (2013).

Thereafter, Shackelford filed pro se motions to amend his Successive Petition, to appoint counsel, and to petition for post-conviction relief based on his resentencing ("Resentencing Petition"). After conducting a consolidated hearing on the pending motions in both cases, and permitting Shackelford to amend his Successive Petition ("Amended Successive Petition"), the district court granted the State's motion for summary dismissal and denied Shackelford's motion for counsel. Shackelford immediately appealed the district court's orders in both cases and later timely filed amended notices of appeal after the court had entered a final judgment in each case.

Shackelford was appointed appellate counsel in both cases, but counsel moved to withdraw in each after determining that he could not file an opening brief complying with I.A.R. 11.2(a). Counsel's motions were granted and Shackelford proceeded pro se. The appeals were consolidated by this Court.

## II.
## ISSUES PRESENTED ON APPEAL

1. Whether the district court erred in summarily dismissing Shackelford's Amended Successive Petition.

3

2. Whether the district court erred in summarily dismissing Shackelford's Resentencing Petition.

3. Whether the district court committed reversible error in denying Shackelford's Motion for Appointment of Counsel related to his Amended Successive Petition.

## III.
## STANDARD OF REVIEW

An application for post-conviction relief initiates an action that is civil rather than criminal. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). It is an entirely new proceeding, distinct from the criminal action which led to the conviction. *State v. Beam*, 115 Idaho 208, 210, 766 P.2d 678, 680 (1988).

The doctrine of *res judicata* applies to post-conviction relief cases. It bars defendants from raising issues decided on direct appeal in a subsequent post-conviction relief proceeding. *State v. Creech*, 132 Idaho 1, 9, n.1, 966 P.2d 1, 9 n.1 (1998). Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings. I.C. § 19-4901(b); *Beam*, 115 Idaho at 210, 766 P.2d at 680. "Whether claim preclusion or issue preclusion bars relitigation between the same parties of a prior litigation is a question of law upon which this Court exercises free review." *Ticor Title Co. v. Stanion*, 144 Idaho 119, 122, 157 P.3d 613, 616 (2007).

"Summary dismissal of a petition for post conviction relief is the procedural equivalent of summary judgment under I.R.C.P. 56 and this Court must determine whether a genuine issue of material fact exists, with inferences liberally construed in favor of the petitioner." *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004).

## IV.
## ANALYSIS

### A. The district court did not err in summarily dismissing Shackelford's Amended Successive Petition.

The district court summarily dismissed Shackelford's Amended Successive Petition on a variety of grounds, holding that none of Shackelford's claims could succeed as a matter of law. Shackelford raises several claims that the district court erred in summarily dismissing his Amended Successive Petition, each of which will be examined in turn. Because Shackelford's claims are all procedurally barred for at least one reason, the merits of each will not be discussed in detail. First, Shackelford contends that dismissing the claim regarding alleged due process violations related to jury Instruction No. 33 was error. The district court dismissed this claim on

4

three alternative bases, concluding that Shackelford had not shown a due process violation and that the claim was barred both by *res judicata* and by Idaho Code section 19-4901(b). Shackelford offers no argument or authority suggesting that *res judicata* does not apply to bar this claim, other than to assert that "[w]hile this court did indeed rule on matters related to jury Instruction No. 33 [on direct appeal] . . . the specific issues raised on [direct] appeal and in the [instant] *pro se* petition . . . are distinctly different." Nor does Shackelford argue why Idaho Code section 19-4901(b) should not bar this claim, or any of his other claims.

The claim preclusion aspect of *res judicata* under Idaho law "bars a subsequent action between the same parties upon the same claim or upon claims relating to the same cause of action . . . which might have been made." *Ticor Title Co.*, 144 Idaho at 123, 157 P.3d at 617 (quotation marks omitted). It requires "(1) same parties; (2) same claim; and (3) final judgment." *Id.* at 124, 157 P.3d at 618. "Claim preclusion bars adjudication not only on the matters offered and received to defeat the claim, but also as to every matter which might and should have been litigated in the first suit." *Id.* at 126, 157 P.3d at 620 (quotation marks omitted).

Shackelford concedes that the Court has previously ruled on matters related to Instruction No. 33. Accordingly, subsequent challenges claiming error related to that jury instruction are *res judicata* and the district court here did not err in so holding.

Further, Idaho Code section 19-4901(b) provides in relevant part that

> Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings, unless it appears to the court, on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier.

"[W]here a trial court grants summary judgment on two independent grounds and the appellant challenges only one of those grounds on appeal, the judgment must be affirmed." *Brown v. Greenheart*, 157 Idaho 156, 165, 335 P.3d 1, 10 (2014) (quotation marks omitted). Shackelford did not challenge the district court's conclusion that summary dismissal was appropriate because the claim was barred under Idaho Code section 19-4901(b). Thus, we also affirm on that ground.

Second, Shackelford argues that the district court did not reference or otherwise rule on Claim B of the Amended Successive Petition, which alleged ineffective assistance of trial counsel for failure to adequately argue that jury Instruction No. 33 was deficient. But the district court did expressly reference the claim. Although the court did not independently examine this

5

claim in minute detail, it did address issues related to Instruction No. 33 and to the allegedly ineffective assistance of trial counsel, concluding that *res judicata* barred each claim. The court ruled that "[n]one of Shackelford's claims can succeed as a matter of law." The entire basis of Shackelford's appeal on this claim appears to rely on the incorrect assertion that the district court did not rule on the claim. We affirm the district court's summary dismissal because the district court's holding clearly specifies that "*[n]one* of Shackelford's claims can succeed as a matter of law." (emphasis added).

Third, Shackelford asserts that the district court erred in summarily dismissing his claim related to an alleged *Brady*[1] violation. Shackelford acknowledged that the district court had previously addressed and ruled on other *Brady* claims on direct appeal, but insists that the present claim is distinct from those claims. Shackelford alleges that the State committed a *Brady* violation by failing to turn over evidence tending to undermine the consistency of the State's case. Specifically, Shackelford avers that on January 1, 1999, a radiologist x-rayed victim Donna Fontaine's corpse and generated a report of the findings, and that the State did not disclose the report or x-ray to Shackelford until late in 2004. Attached to Shackelford's Amended Successive Petition is a sworn affidavit from radiologist Dr. Roderick Saxey, opining that the bullet that allegedly killed Donna Fontaine appeared to have been sheared off, suggesting that it had ricocheted prior to entering her neck. Shackelford makes much of the apparent fact that the bullet retrieved from Fontaine's body weighs less than it should. He appears to suggest that more than one third of the mass is missing because the bullet ricocheted before entering Fontaine's body and that this supposition necessitates a finding that the murder could not have been premeditated. Shackelford offers vague argument that the prima facie requirements of a reversible *Brady* violation are present, but does not even attempt to explain why he did not raise this issue in his original petition for post-conviction relief, which was decided after Shackelford allegedly became aware of the evidence at issue.[2] The district court summarily dismissed this claim both on the merits and because Shackelford's claims regarding this evidence could previously have

---

[1] *Brady v. Maryland*, 373 U.S. 83, 87 (1963), provides that "the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment."

[2] Shackelford also failed to bring an ineffective assistance of counsel claim based on counsel's failure to raise this *Brady* issue in his original petition for post-conviction relief. A subsequent claim on this issue is likely to be barred by Idaho Code section 19-4908. That section requires a petitioner to raise all grounds for relief in an original, supplemental, or amended application, and it provides that failure to do so results in waiver unless there is a "sufficient reason" for the failure.

been raised on appeal, but were not. Because Shackelford did not challenge the district court's alternate basis for summary dismissal of this claim, we affirm its summary dismissal. *Brown*, 157 Idaho at 165, 335 P.3d at 10.

Fourth, Shackelford contends that the district court erred in summarily dismissing his claim alleging ineffective assistance of trial counsel for failure to investigate ballistic data related to the bullet that killed Donna Fontaine. The district court summarily dismissed this claim because Shackelford had the opportunity to raise this issue on his prior appeal but failed to do so. Shackelford offers no explanation or excuse for not bringing this claim in his original post-conviction petition for relief. Nor does he challenge the legal basis of the district court's adjudication of this claim. His briefing merely reiterates the perceived merits of the substantive claim. Because Shackelford did not challenge the district court's legal basis for summary dismissal of this claim, we affirm its summary dismissal.

Fifth, Shackelford argues that the district court erred in summarily dismissing his claim of prosecutorial misconduct based on the prosecutor allegedly vouching for the credibility of State witnesses. Shackelford concedes that his trial counsel failed to object to the alleged prosecutorial misconduct. However, Shackelford contends that he personally undertook repeated and vehement attempts to have counsel make the objections and that his efforts somehow preserved the objections for appellate review. The district court summarily dismissed this claim both on the merits and based on a procedural bar arising from Shackelford's failure to raise this issue on the prior appeal. Again, Shackelford fails to offer explanation or excuse for not bringing this claim in his original post-conviction action. Shackelford alleges that counsel would not permit him to raise the issue at trial, but fails to allege—let alone provide any evidence—that counsel was ineffective for failing to raise this issue on appeal or in his original petition for post-conviction relief. Because Shackelford did not challenge the district court's alternate basis for summary dismissal of this claim, we affirm its summary dismissal. *Brown*, 157 Idaho at 165, 335 P.3d at 10.

The district court's order as to each of the five issues related to the summary dismissal of Shackelford's Amended Successive Petition was correct, either because he failed to challenge alternative bases relied upon by the district court or because a procedural bar provided by *res judicata* or Idaho Code section 19-4901(b) applies. For this reason, we affirm the district court's order summarily dismissing Shackelford's Amended Successive Petition.

7

**B. The district court did not err in summarily dismissing Shackelford's Resentencing Petition.**

Shackelford argues that the district court erred by sentencing him to a fixed life term for first-degree murder without a jury having found any aggravating factors. He insists that absent such a jury determination, the maximum legal sentence is indeterminate life imprisonment. The only authority he cites for this proposition is Idaho Code section 19-2515(7)(c), which provides:

> If the jury does not find the existence of a statutory aggravating circumstance or if the jury cannot unanimously agree on the existence of a statutory aggravating circumstance, the defendant will be sentenced by the court to a term of life imprisonment with a fixed term of not less than ten (10) years.

Section 19-2515 applies in special sentencing proceedings where the death penalty is sought and is inapplicable here because the State did not pursue the death penalty on resentencing. Further, subsection (7)(c) sets out the information to be provided to the jury in a special sentencing proceeding and does not set the penalty that may be imposed by the court where the death penalty is not sought.

Idaho Code section 18-4004 provides the statutory punishment for murder. The statute provides that "if the death penalty is not sought, the court shall impose a life sentence with a minimum period of confinement of not less than ten (10) years." Shackelford does not explain how a term of fixed life imposed by a judge violates the statutory minimum of "not less than ten (10) years." On its face, the statute imposes no maximum term of fixed imprisonment. A sentence of fixed life, therefore, does not exceed statutory sentencing limits.

Shackelford also asserts that the fixed life sentence he received for conspiracy to commit first-degree murder exceeded the maximum allowed by law. However, as the district court noted, conspiracy to commit first-degree murder carries the same sentencing possibilities as first-degree murder. I.C. § 18-1701. This Court has previously upheld a fixed life sentence for first-degree murder. *State v. Adamcik*, 152 Idaho 445, 272 P.3d 417 (2010). The district court further noted that even a second-degree murder conviction allows for a fixed life term to be imposed. *State v. Windom*, 150 Idaho 873, 253 P.3d 310 (2010).

Finally, the State points out that the claims in Shackelford's Resentencing Petition are barred by Idaho Code section 19-4901(b) because they could have been raised on direct appeal. The State accurately notes that Shackelford raised these issues at his resentencing but failed to raise them on direct appeal. Shackelford offers no reason for not bringing the claims in his direct appeal. Therefore, section 19-4901(b) also bars the claims.

8

Because the claims are barred by Idaho Code section 19-4901(b) and because, even were they not barred, Shackelford has failed to show that the sentences exceeded the statutory maximum, we affirm the district court's order summarily dismissing Shackelford's Resentencing Petition.

**C. The district court did not commit reversible error in denying Shackelford's Motion for Appointment of Counsel.**

The district court denied Shackelford's Motion for Appointment of Counsel, citing Idaho Code section 19-852(2)(c). The court also concluded that none of Shackelford's claims can succeed as a matter of law. Shackelford contends that the district court erred in denying him post-conviction counsel because: (1) the court did not rule on his motion prior to summarily dismissing his Amended Successive Petition, (2) the court failed to give advance notice of its reasons for denying counsel, (3) the court improperly relied upon Idaho Code section 19-852(2)(c), and (4) Shackelford alleged facts that would lead to the possibility of a valid claim. The State refutes each of these contentions and argues that any error was harmless.

A decision to grant or deny a request for counsel in post-conviction cases is reviewed for an abuse of discretion. *Murphy v. State*, 156 Idaho 389, 393, 327 P.3d 365, 369 (2014). "A request for appointment of counsel in a post-conviction proceeding is governed by I.C. § 19-4904, which provides that in proceedings under the UPCPA, a court-appointed attorney 'may be made available' to an applicant who is unable to pay the costs of representation." *Id.* at 392–393, 327 P.3d at 368–369 (quoting I.C. § 19-4904). "The standard for determining whether to appoint counsel for an indigent petitioner in a post-conviction proceeding is whether the petition alleges facts showing the possibility of a valid claim." *Id.* at 393, 327 P.3d at 369 (citing *Workman v. State*, 144 Idaho 518, 529, 164 P.3d 798, 809 (2007)). "In determining whether the appointment of counsel would be appropriate, every inference must run in the petitioner's favor where the petitioner is unrepresented at that time and cannot be expected to know how to properly allege the necessary facts." *Melton v. State*, 148 Idaho 339, 342, 223 P.3d 281, 284 (2009) (quotation marks omitted).

Shackelford asserts that it is reversible error for a district court to deny a petition for post-conviction relief prior to deciding a motion to appoint counsel, citing several Idaho Court of Appeals cases. That proposition is indeed supported by Idaho Court of Appeals precedent. *Swisher v. State*, 129 Idaho 467, 469, 926 P.2d 1314, 1316 (Ct. App. 1996) ("When a request for

appointed counsel is presented . . . the court must act upon that request before ruling upon the substantive issues in the case.").

This Court has held at least twice that it is error for a district court to dismiss a petition for post-conviction relief without first determining whether the petitioner is entitled to court-appointed counsel. In *Charboneau v. State*, we held that the district court in such a circumstance abused its discretion by dismissing the petition without ruling on the motion to appoint counsel. 140 Idaho 789, 793, 102, P.3d 1098, 1112 (2004). We vacated the dismissal of the petition after having concluded that the appellant had raised the possibility of a valid claim. *Id.* In *Melton*, contrastingly, we affirmed the district court's dismissal of a petition for post-conviction relief even though the court had failed to first address the petitioner's motion for appointment of counsel. 148 Idaho at 342, 223 P.3d at 284. We held that "the district court erred in not specifically addressing Melton's motion for appointment of counsel before it addressed the substantive merits of his petition. However, . . . such error did not affect Melton's substantial rights because Melton's successive petition for post-conviction relief did not raise the possibility of a valid claim." *Id.* The Court relied on Idaho Rule of Civil Procedure 61, which provides in relevant part that "[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." *Melton*, 148 Idaho at 342, 223 P.3d at 284. Because the petitioner had not raised the possibility of a valid claim, denying his motion for the appointment of counsel in the same order summarily dismissing his petition did not affect his substantial rights. *Id.*

Here, even drawing inferences in Shackelford's favor, his argument fails. Each of Shackelford's claims is procedurally barred by *res judicata* or Idaho Code section 19-4901(b).[3] Because none of his claims can succeed, he has failed to raise the possibility of a valid claim sufficient to warrant reversal for the district court's premature summary dismissal. Accordingly, we reject Shackelford's argument for reversal on this basis.

We resolve Shackelford's remaining arguments on this issue in the same manner. Shackelford asserts that the district court failed to give him advance notice of the reasons it denied counsel and that it improperly relied upon Idaho Code section 19-852(2)(c). Assuming *arguendo* that these arguments have merit, there is nonetheless no basis for overturning the

---

[3] Some or all of Shackelford's instant claims may also be barred by Idaho Code section 19-4908. At this time, however, we express no opinion on the applicability of section 19-4908 to any of Shackelford's instant claims.

district court's denial. None of the claims in Shackelford's petition can succeed because they are procedurally barred.[4] He failed to raise the possibility of a valid claim, so any error by the district court could not have been significant enough to warrant reversal. Shackelford's substantial rights were not violated by any alleged error so I.R.C.P. 61 requires the Court to disregard the error.

Because Shackelford failed to raise the possibility of a valid claim, his substantial rights were not affected by the district court's error in denying his motion for the appointment of counsel. Accordingly, we affirm the district court's order denying that motion.

## V.
## CONCLUSION

We affirm the district court's orders summarily dismissing Shackelford's Amended Successive Petition and Resentencing Petition and denying Shackelford's Motion for Appointment of Counsel. Costs to Respondent.


Justices EISMANN, BURDICK, W. JONES and HORTON CONCUR.

---

[4] Separately, Shackelford seems to argue that he has alleged facts leading to the possibility of an ineffective assistance of appellate counsel claim. This argument need not be analyzed because Shackelford failed to actually include such a claim in either his Amended Successive Petition or his Resentencing Petition. Thus, even if there were merit to the argument, Shackelford cannot pursue it now because he made no such claim in either of the instant petitions. Further, it is apparent that he will be barred by Idaho Code section 19-4908 from bringing it in a successive petition.