**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46427**

| | |
|---|---|
| VESTAL DEAN CAUDILL, | ) |
| | ) **Filed: February 10, 2020** |
| Petitioner-Appellant, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Judgment summarily dismissing petition for post-conviction relief and denying motion for counsel, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Theodore S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Vestal Dean Caudill appeals the denial of his motion for appointment of counsel to represent Caudill in his post-conviction case. Specifically, Caudill asserts the district court abused its discretion by applying an incorrect legal standard when denying his motion. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the underlying case,[1] an Idaho State Police Trooper stopped Caudill, who was driving a blue semi-truck with an empty flatbed near Arco, Idaho. The Trooper advised Caudill that he

---

[1] Although the district court did not take judicial notice of records from the underlying case, this Court granted Caudill's motion to take judicial notice of the clerk's record and the

1

was stopped for the improper use of a turn signal, namely Caudill's turn signal was activated without apparent reason. Before running a records check, the Trooper asked to check the truck for other occupants; Caudill consented; and no other occupants were located.

A records check of Caudill's license revealed his commercial driver's license had been "downgraded" for noncompliance. As a result, the Trooper requested Caudill to contact the owner of the truck to retrieve it. While waiting, the Trooper asked whether there were drugs in the truck and whether Caudill would consent to the Trooper's search of the truck. Caudill declined to consent. Thereafter, the Trooper deployed a drug dog around the truck, and the dog alerted on the odor of a controlled substance at the truck's open passenger door. During a subsequent search of the truck, the Trooper discovered a digital scale and a baggie containing methamphetamine.

The State charged Caudill with possession of methamphetamine in violation of Idaho Code § 37-2732(c)(1). Caudill pled guilty; the parties agreed to jointly recommend a sentence; and the district court imposed that recommended sentence. Thereafter, Caudill filed a motion for a reduction in his sentence under Idaho Criminal Rule 35. The district court denied the motion, and this Court affirmed the denial on appeal. *State v. Caudill*, Docket No. 45445 (Ct. App. May 4, 2018) (unpublished).

While his direct appeal was still pending, Caudill filed a pro se petition for post-conviction relief and also a motion for appointment of counsel. Before the State had an opportunity to respond to Caudill's petition, the district court denied his motion for appointment of counsel and entered a notice of intent to dismiss Caudill's petition. After Caudill failed to respond to the notice, the district court summarily dismissed his petition. Caudill timely appeals.

## II.

## ANALYSIS

Caudill's only challenge on appeal is that the district court erred by applying an incorrect legal standard to deny his motion for appointment of counsel. "A decision to grant or to deny a request for counsel in post-conviction cases is reviewed for an abuse of discretion." *Shackelford v. State*, 160 Idaho 317, 325, 372 P.3d 372, 380 (2016). The Uniform Post-Conviction Procedure

transcripts filed in his direct appeal of the denial of his Idaho Criminal Rule 35 motion. *See State v. Caudill*, Docket No. 45445 (Ct. App. May 4, 2018) (unpublished) (appealing sentence). The facts set forth herein are derived from materials in that underlying record.

2

Act provides that if a post-conviction petitioner is unable to pay for the expense of representation, then the trial court may appoint counsel to represent the petitioner. I.C. § 19-4904. The proper standard for determining whether to appoint counsel for an indigent petitioner is whether the petition alleges facts showing *the possibility of a valid claim* requiring further investigation. *Shackelford*, 160 Idaho at 325, 372 P.3d at 380.

We agree with Caudill that the district court applied an incorrect legal standard when denying his request for appointment of counsel. The court denied Caudill's request because he failed to allege "a valid claim for relief" versus "the possibility of a valid claim." Specifically, the district court ruled:

> [A]ppointment of counsel is only appropriate where the petitioner alleges facts to support a valid claim for relief. . . . [I]n the Court's opinion Caudill's claims do not state a valid claim for relief. Therefore, the Court denies his request for appointment of counsel at this time.

The district court's error, however, does not require remand unless Caudill's allegations actually raise the possibility of a valid claim. As the Idaho Supreme Court has ruled, "When addressing the issue of appointment of counsel in post-conviction proceedings, this Court examines whether the possibility of a claim exists before determining that an error in failing to appoint counsel requires remand." *Melton v. State*, 148 Idaho 339, 342, 223 P.3d 281, 285 (2009).

In determining whether a petitioner raised the possibility of a valid claim, this Court considers "whether the appointment of counsel would have assisted [the petitioner] in conducting an investigation into facts not in the record and whether a reasonable person with adequate means would have been willing to retain counsel to conduct that further investigation into the claim." *Id.* "In determining whether the appointment of counsel would be appropriate, every inference must run in the petitioner's favor where the petitioner is unrepresented at the time and cannot be expected to know how to properly allege the necessary facts." *Id.* A petitioner, however, is "not entitled to have counsel appointed in order to search the record for possible nonfrivolous claims." *Swader v. State*, 143 Idaho 651, 654, 152 P.3d 12, 15 (2007).

On appeal, Caudill contends his pro se petition alleges a possible claim for ineffective assistance of counsel. That petition takes the form of Caudill's handwritten comments on a form petition for post-conviction relief. In response to the question asking Caudill to "state concisely *and in detail* what counsel failed to do in representing [his] interests," Caudill responded:

(a) not a routene [sic] stop
(b) not loaded with hay

3

(c) permition [sic] to search truck was denied

Additionally, Caudill indicated the grounds supporting his petition included that the Trooper explained he stopped Caudill "for [his] blinker" but also based on an Amber Alert; conflicting reports of the description of the truck subject to the Amber Alert and of the reason for stopping Caudill were given; Caudill's truck was blue and black and not hauling hay; Caudill consented to the Trooper's request to look in his truck for additional occupants but not to search his truck; if the Trooper was following a truck from Twin Falls, he would have pulled it over before Arco; and finally, "[the] Trooper stated the pasenger [sic] door was opened to get registration [] and left open. Why would passenger door be opened [when] registration was on driver's side[?]"

Liberally construing these facts, the district court characterized Caudill's claim as asserting "the officers had no grounds to conduct a traffic stop" and his counsel was "ineffective in not challenging the evidence obtained from the traffic stop." On appeal, Caudill argues only that "no evidence in the record . . . controverts [his] claim that his counsel's performance was deficient for failing to file a motion to suppress" and that the alleged facts raise at least the possibility of a valid claim. We disagree.

Assuming all the facts Caudill alleged as true, his petition does not support a viable motion to suppress. In particular, Caudill's allegations do not dispute that the Trooper stopped Caudill because his turn signal was flashing for no purpose. This conduct gave the Trooper reasonable suspicion that Caudill was driving inattentively. *See Deen v. State*, 131 Idaho 435, 436, 958 P.2d 592, 593 (1998) (continuously flashing turn signal constitutes reasonable suspicion of inattentive driving). Because Caudill does not dispute this basis for the Trooper's reasonable suspicion,[2] that Caudill disputes the Trooper's alternative reason for stopping him-- namely, the Trooper believed Caudill's truck matched the description of the truck subject to the Amber Alert--is inapposite and does not obviate the Trooper's reasonable suspicion of Caudill's inattentive driving.

Similarly, Caudill fails to dispute that, although he did not consent to the Trooper's search of his truck, the Trooper did not conduct a search until after the drug dog alerted on the truck. That alert provided probable cause for the Trooper's search, despite Caudill's earlier refusal to consent to the search. "When a reliable drug-detection dog indicates that a lawfully

---

[2] The record indicates Caudill conceded his turn signal was flashing continuously because it was broken.

4

stopped automobile contains the odor of controlled substances, the officer has probable cause to believe that there are drugs in the automobile and may search it without a warrant." *State v. Gibson*, 141 Idaho 277, 281, 108 P.3d 424, 428 (Ct. App. 2005).

Caudill's allegations, however, may suggest an improper search because he suggests he may not have opened his passenger door through which the drug dog alerted. Arguably, if the Trooper opened the door to facilitate the drug-dog sweep, that conduct might be a basis for suppressing evidence. *See, e.g.*, *State v. Naranjo*, 159 Idaho 258, 260, 359 P.3d 1055, 1057 (Ct. App. 2015) (ruling inquiry is whether dog's act was instinctual and whether police facilitated or encouraged act). Caudill's suggestion that he did not open the door, however, is contrary to the record which indicates that Caudill opened the door and left it open. According to the Trooper's report: "By opening the passenger door, Caudill retrieved the paperwork I requested. Caudill also left the passenger door open." More importantly, Caudill's petition fails to allege that he informed his trial counsel that Caudill disputed the Trooper's account of the search and that trial counsel failed to act on that information. Indeed, Caudill makes no allegation of his trial counsel's purported deficient performance.

To the contrary, Caudill indicated during his sentencing hearing that he was satisfied with his counsel's representation. Further, Caudill did not raise the issue of who opened the passenger door during the hearing on his Rule 35 motion, despite challenging the nature of the Trooper's actions at that time. Instead, Caudill focused only on his belief that his truck did not match the description of the truck subject to the Amber Alert. Moreover, alleging that Caudill disputed the Trooper's report of the search and that Caudill shared this information with his trial counsel would not have required appointment of post-conviction counsel. Rather, these purported facts were within Caudill's personal knowledge and would not have required an investigation into facts not otherwise known to Caudill. *See Melton*, 148 Idaho at 342, 223 P.3d at 284 (noting inquiry focuses on whether appointed counsel is necessary to investigate facts not in the record).

Despite giving Caudill every favorable inference, his petition fails to allege facts for a viable motion to suppress, of his trial counsel's alleged deficient performance, or of any resulting prejudice. As a result, Caudill's petition fails to allege even a possible claim of ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (requiring showing of both counsel's deficiency and resulting prejudice to prevail on claim of ineffective

assistance of counsel); *Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (ruling petitioner's failure to allege prejudice prong of *Strickland* is basis for dismissal). For this reason, the district court's reliance on an incorrect legal standard to deny Caudill's petition was harmless and not a basis for remand. *See* Idaho Rule of Civil Procedure 61 (requiring court to disregard error not affecting party's substantial rights).

## III.

## CONCLUSION

Despite the district court's reliance on an incorrect legal standard, Caudill's petition fails to allege even a possibility of a valid claim for ineffective assistance of counsel. Accordingly, we affirm the denial of his request for appointment of counsel and the summary dismissal of his petition.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.