# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48957

BRYCE CODY TRANSUE,

Petitioner-Appellant,

v.

STATE OF IDAHO,

Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed:  October 28, 2022

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. George A. Southworth, District Judge.

Judgment summarily dismissing second successive petition for post-conviction relief, <u>affirmed</u>.

Fyffe Law, LLC; Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Bryce Cody Transue appeals from the summary dismissal of his second successive petition for post-conviction relief.  Transue argues the district court abused its discretion by denying his motion for appointment of counsel.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Transue's second successive petition for post-conviction relief follows a lengthy procedural history involving Transue's underlying criminal case, his original petition for post-conviction relief, and his first successive petition.  This Court previously set forth that procedural background in its decision addressing the summary dismissal of Transue's first successive petition:

> In his underlying criminal case, the State charged Transue with two counts of lewd conduct with a minor and one count of sexual abuse of a child for acts committed against his eleven-year-old stepdaughter and his six-year-old daughter.

1

Idaho Code §§ 18-1508, 18-1506(1)(b). The prosecution of these crimes involved a complicated procedural history, including two mistrials, Transue's guilty plea, the withdrawal of that plea, and a third trial. During the third trial, the State called two pediatric nurse practitioners from the Children at Risk Evaluation Services (CARES) as expert witnesses.

After Transue's counsel implied the prosecution had improperly influenced the victims, the district court allowed the State to admit the videotapes of the victims' CARES interviews. At the conclusion of the third trial, a jury convicted Transue on all counts. On direct appeal, this Court affirmed Transue's conviction for lewd conduct; ruled the district court did not abuse its discretion by admitting the CARES videos; but vacated Transue's conviction for sexual abuse, concluding it was not supported by sufficient evidence. *State v. Transue*, Docket No. 43777 (Ct. App. Sept. 19, 2017) (unpublished).

Before this Court resolved Transue's direct appeal, he filed a pro se petition for post-conviction relief. Transue did not submit an affidavit or any other evidence in support of his petition. The district court appointed counsel to represent Transue, and appointed counsel filed an amended petition but failed to incorporate Transue's initial petition, failed to have him verify the amended petition, and failed to submit any supporting affidavits. The court concluded the amended petition superseded Transue's initial pro se petition. Nonetheless, the court stated it would have considered any verified facts or affidavits supporting Transue's initial pro se petition, stating that "if there was a separate affidavit, or even verified facts that were part of the initial Petition, the Court would consider that information for purposes of this motion; however, there is no such information." As a result, the court concluded no admissible evidence supported Transue's petition and summarily dismissed it. Transue did not appeal this dismissal.

Following this Court's remittitur in Transue's direct appeal of his underlying criminal conviction, he filed a [first] successive petition for post-conviction relief and (after appointment of counsel) an amended successive petition . . . . In this successive petition, Transue asserted claims for ineffective assistance of trial counsel, of post-conviction counsel, and of appellate counsel. The State moved for summary dismissal, which the district court granted in part, concluding that Transue's claims for ineffective assistance of trial counsel were raised or should have been raised in his original post-conviction petition and that no sufficient reason justified Transue's successive petition under Idaho Code § 19-4908.

As to Transue's ineffective assistance of appellate counsel claims, however, the district court concluded Transue could not have raised these claims in his original petition, which was filed before the remittitur in his direct appeal. The district court entered a notice of intent to dismiss these claims, concluding Transue failed to raise genuine issues of material fact. In response, Transue clarified that his "appellate counsel was ineffective for failing to raise the issue on appeal regarding the CARES experts drawing conclusions as to the credibility of the victims." The district court summarily dismissed this claim noting that "Transue did not point to--and the Court did not find--any statement by [the CARES witnesses] that vouched for the credibility of the witnesses."

*Transue v. State*, Docket No. 46600 (Ct. App. Feb. 20, 2020) (unpublished). Transue appealed the summary dismissal of his first successive petition, and this Court affirmed that dismissal. *Id.*

Then, in March 2021, Transue (proceeding pro se) filed a second successive petition for post-conviction relief at issue in this case. In this petition, Transue alleges that: (1) the district court violated his due process rights by failing to ask him if he wanted to testify at trial; (2) his trial, appellate, and post-conviction counsel were ineffective for failing to challenge this alleged denial of his right to testify; (3) the prosecutor committed prosecutorial misconduct; (4) the district court incorrectly instructed the jury; and (5) Idaho Criminal Rule 29.1 is unconstitutional and violated his right to a speedy trial. Additionally, Transue filed a motion for appointment of counsel and included a proposed order.

The district court denied Transue's motion for appointment of counsel by stamping "Denied" on the proposed order. Thereafter, the State filed an objection to Transue's second successive petition. Although Transue filed a motion for reconsideration of his request for appointed counsel, he did not respond to the State's objection. In a written decision, the court explained its denial of Transue's request, concluding that a reasonable person with adequate means would not be willing to retain counsel to conduct further investigation into Transue's claims.

Further, the district court summarily dismissed Transue's claims. The court concluded Transue should have brought his claims regarding his right to testify at trial, the alleged prosecutorial misconduct, and the constitutionality of I.C.R. 29.1 either on direct appeal or in one of his prior post-conviction proceedings. Further, it concluded Transue's ineffective assistance of post-conviction counsel claim is not a viable claim under *Murphy v. State*, 156 Idaho 389, 395, 327 P.3d 365, 371 (2014). Finally, it concluded Transue failed to show a sufficient reason for his second successive petition under Idaho Code § 19-4908.

Transue timely appeals but challenges only the district court's decision denying his motion for appointment of counsel.

## II.

## STANDARD OF REVIEW

"A decision to grant or deny a request for counsel in post-conviction cases is reviewed for an abuse of discretion." *Shackelford v. State*, 160 Idaho 317, 325, 372 P.3d 372, 380 (2016); *Murphy*, 156 Idaho at 393, 327 P.3d at 369. Review for an abuse of discretion requires a four-pronged inquiry: "Whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

Transue argues the district court abused its discretion by denying his motion for appointment of counsel. If a post-conviction petitioner is unable to pay for legal representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the court. *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014). In determining whether to appoint counsel pursuant to I.C. § 19-4904, the court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Grant*, 156 Idaho at 603, 329 P.3d at 385.

In its analysis, the district court should consider that a pro se petition might be conclusory and incomplete. *Id.* Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that a petitioner could not develop them into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). If a petitioner alleges facts raising the possibility of a valid claim, however, the court should appoint counsel to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Grant*, 156 Idaho at 603, 329 P.3d at 385. Stated differently, the court should appoint counsel if the pro se petition alleges facts showing the possibility of a valid claim such that a reasonable person with adequate means would be willing to retain counsel to conduct a further investigation into the claim. *Id.*

4

In determining whether a petitioner has asserted a valid claim in a successive petition for post-conviction relief, such as Transue's second successive petition, the following legal principles apply. Any issue a petitioner could have raised on direct appeal "is forfeited and may not be considered in post-conviction proceedings" absent "a substantial factual showing" raising "a substantial doubt about the reliability of the finding of guilt" that the petitioner could not have "in the exercise of due diligence" discovered earlier. I.C. § 19-4901(b). Further, a petitioner generally must raise all claims for post-conviction relief in his original petition for post-conviction relief. I.C. § 19-4908. A petitioner may only assert a claim in a successive petition if there exists "sufficient reason" that the claim "was not asserted or was inadequately raised in the original [petition]." *Id.* A claim of ineffective assistance of post-conviction counsel, however, is not a sufficient reason for filing a successive petition. *Murphy*, 156 Idaho at 395, 327 P.3d at 371. No constitutionally protected right exists to the effective assistance of counsel in post-conviction proceedings. *Id.* at 394, 327 P.3d at 370. Accordingly, ineffective assistance of post-conviction counsel is not a permissible basis for post-conviction relief. *Id.* The trial court's analysis of a sufficient reason permitting the filing of a successive petition in a noncapital case also must necessarily include an analysis of whether the petitioner asserted the claims within a reasonable period. *Charboneau v. State*, 144 Idaho 900, 905, 174 P.3d 870, 875 (2007). Determining what is a reasonable period for filing a successive petition requires a case-by-case analysis. *Id.*

On appeal, Transue argues the district court abused its discretion by not appointing him counsel because "he presented facts establishing the possibility of a 'sufficient reason' excusing [the] absence [of the claims in his second successive petition] from prior post-conviction relief proceedings." He contends the court "failed to analyze any of the facts [alleged] or why those facts failed to establish the possibility of a valid claim." In other words, Transue's argument appears to be that if the court had analyzed the alleged facts, it would have concluded both that Transue had shown a sufficient reason excusing his failure to assert the claims in his prior proceedings and that his petition alleged possible valid claims warranting the appointment of counsel. *See Grant*, 156 Idaho at 603, 329 P.3d at 385 (ruling court should appoint counsel if petitioner alleges facts showing possibility of valid claim).

Contrary to Transue's argument, however, the district court addressed each of his claims and concluded he had not shown a sufficient reason under I.C. § 19-4908 for failing to raise those claims in prior post-conviction proceedings. Other than asserting the court "failed to analyze any

5

of the facts," Transue makes no argument on appeal challenging the court's conclusion that he did not establish a "sufficient reason" under I.C. § 19-4908 for failing to assert his claims in prior proceedings.[1] For example, Transue does not explain why he could not have asserted in his prior proceedings that the district court did not properly instruct the jury, did not inquire if he wanted to testify, or violated his speedy trial right under I.C.R. 29.1. *See* I.C. § 19-4901(b) (providing petitioner forfeits issues that could have been raised on direct appeal absent substantial showing of substantial doubt about conviction's reliability); I.C. § 19-4908 (requiring sufficient reason for not asserting claim in prior post-conviction proceedings). Transue's failure to identify requisite grounds for not asserting his alleged claims in earlier proceedings is fatal to his appeal. *See Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997) (providing party waives issue on appeal if either authority or argument is lacking).

Regardless, determining whether Transue could have previously raised the claims he alleges in his second successive petition does not require an extensive analysis of the alleged facts, as his argument suggests.[2] For example, as a matter of law, Transue may not state a valid claim for ineffective assistance of post-conviction counsel because the Idaho Supreme Court has held that such a claim is not a valid, permissible claim for post-conviction relief. *Murphy*, 156 Idaho at 394, 327 P.3d at 370. As a result, no analysis of the alleged facts related to this claim is necessary to conclude the claim is not viable.

---

[1]    To the extent Transue's argument suggests a trial court is required to analyze the merits of a claim before determining if a sufficient reason exists for asserting that claim in a successive petition, we reject that argument.

[2]    In his second successive petition, Transue generally requests that the district court "take judicial notice of the entire record." The court, however, did not take judicial notice of any record. Despite Transue's general request for judicial notice in his petition, Transue states in his appellate brief that he "did not ask the district court to judicially notice *those* documents" (emphasis added), although he does not specify what "those" are. Further, Transue states in his appellate brief that "a request to judicially notice the prior record will be submitted." Transue, however, made no such request to this Court. The appellant is responsible for providing a sufficient record to substantiate his claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). To the extent anything in the record of Transue's prior, extensive proceedings may bear on his right to appointment of counsel in this case, we presume no error in the district court's denial of his request for appointed counsel.

Additionally, Transue premises his other claims (with one exception discussed below) on facts that existed at the conclusion of the trial in the underlying case. These facts include that the district court allegedly failed to ask him if he wanted to testify; his trial counsel did not address this failure; the court allegedly instructed the jury improperly; and I.C.R. 29.1 is purportedly unconstitutional and, as a result, violated his speedy trial right. Transue, however, provides no explanation why he did not pursue, either on direct appeal or in his prior post-conviction proceedings, any claims related to the facts that he either knew or should have known at the conclusion of the trial in the underlying case. *See Powell*, 130 Idaho at 128, 937 P.2d at 440 (providing party waives issue on appeal if either authority or argument is lacking). Transue's failure to identify a sufficient reason for raising these claims in a successive petition eliminates the need to analyze the merits of the claims in any detail.

The only fact Transue alleges as "newly discovered evidence" in his second successive petition is that, in February 2021, he received a copy of a December 2020 Idaho State Bar disciplinary notice suspending the prosecutor--who prosecuted Transue in the underlying criminal case--for misconduct the prosecutor committed in an entirely unrelated case. Transue alleges the prosecutor's conduct in that unrelated case "calls into question the tactics[] used by the prosecutor" to prosecute him. That the prosecutor committed misconduct in a different case, however, does not support Transue's allegations that the prosecutor committed misconduct in his case. Transue alleges no connection between the prosecutor's conduct in the underlying case and the prosecutor's misconduct in a different case.

As the district court correctly concluded, Transue has failed to show a sufficient reason under I.C. § 19-4908 for not asserting the claims he alleges in his second successive petition in his prior post-conviction proceedings. For this reason, a reasonable person with adequate means would not be willing to retain counsel to conduct a further investigation into the claims. *See Grant*, 156 Idaho at 603, 329 P.3d at 385 (stating standard for appointing post-conviction counsel). Accordingly, the district court did not abuse its discretion by denying Transue's motion for appointment of counsel.

## IV.

## CONCLUSION

We affirm the district court's judgment summarily dismissing Transue's second successive petition for post-conviction relief.

Judge GRATTON and Judge HUSKEY **CONCUR**.